551 P.2d 79

**A. Glynn ROSS, Appellant,**

**v.**

**GALLANT, FARROW & CO., P.C., a professional corporation, William G. Farrow and R. Dale Hensley, Appellees.**

**No. 1 CA–CIV 2770.**

Court of Appeals of Arizona, Division 1, Department A.

June 22, 1976.

Cavness & DeRose, by Jack Cavness, John W. Rood, Phoenix, for appellant.

Burch, Cracchiolo, Levie, Guyer & Weyl, by Kenneth C. Weyl, Barry A. Mac-Ban, Phoenix, for appellees.

## OPINION

FROEB, Judge.

The issue in this case is whether audit reports of a certified public accountant are actionable either under a theory of libel or negligence. The trial court determined that the facts were insufficient to support a recovery for libel. It also determined that no claim was stated for recovery on a theory of negligence. We agree with both determinations and affirm the judgment.

The defendant company, Gallant, Farrow & Co., was engaged to examine the records of Local 640, a subordinate body of the International Brotherhood of Electrical Workers (IBEW), to determine whether expenditures of local funds had been made in a proper manner under the provisions of the IBEW and local constitution and by-laws. Defendants R. Dale Hensley and William G. Farrow, both licensed certified public accountants with the defendant company, undertook the examination and reported their results to a union official, R. G. Duke (a defendant in the case, but not a party to this appeal).

Suit was brought by plaintiff A. Glynn Ross, the business manager of Local 640, who alleged damage resulting from three letters which were part of an audit report. In general, the letters stated or implied that money was withdrawn from the local bank account by Ross without authorization. The letters report expenditure of these funds for various things, including Christmas party gifts, printing expenses, and two new automobiles. There was considerable testimony at the trial relating to whether the expenditures were properly authorized. On this, there were differences of opinion because of different interpretations of the IBEW constitution and by-laws.

■ There is no question that the defendants could assert a qualified privilege as certified public accountants. The burden then was upon the plaintiff to prove that the audit reports were false and that the defendants were motivated in publishing them by actual malice. "Actual malice" in Arizona is defined as making a defamatory publication with knowledge of its falsity or in reckless disregard of whether it was false or not. *Phoenix Newspapers, Inc. v. Church*, 103 Ariz. 582, 447 P.2d 840 (1968). An investigatory failure alone on the part of the publisher is insufficient to raise an issue of actual malice. *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S. Ct. 710, 11 L.Ed.2d 686 (1964). The defendants must have "in fact" entertained serious doubts as to the truthfulness of the publications at the time they were published. *St. Amant v. Thompson*, 390 U.S. 727, 88 S.Ct. 1323, 20 L.Ed.2d 262 (1968).

■ While the facts and issues were involved and considerable testimony was received, we need not dwell upon the details. Suffice it to say that the trier of fact could have determined that some statements in the three letters were incorrect. The determinative issue in the case was whether the statements were made with malice. As to this, there is no evidence and the action by plaintiff was properly dismissed.

In fact, this determination was made at different stages of the proceedings. The defendants moved for summary judgment on the affidavits of Hensley and Farrow. After a hearing and consideration of the then existing factual record, the trial court granted judgment in favor of defendant Hensley and partial summary judgment in favor of defendant Gallant, Farrow & Co. and Farrow. As to the latter, the trial court dismissed the complaint as to all allegedly libelous statements except the ones relating to the purchase of two automobiles. At the ensuing trial, the court granted a directed verdict in favor of Gallant, Farrow & Co. and Farrow with re-spect to all issues. The case then proceeded against Duke, the details of which are of no concern on this appeal.

Nowhere in the record, whether it be the record before the trial court in the summary judgment proceedings or the trial record, is there any evidence of malice which would defeat the qualified privilege asserted by the defendants. There is no showing of spite or ill will. We are unable to find any evidence of a "reckless disregard" for truth or falsity in the audit reports or in the interpretations defendants placed upon the IBEW constitution and by-laws. If we assume that incorrect interpretations or mistakes were made, these would not justify recovery in the face of the qualified privilege here involved.

■ The issue as to the two automobiles was different only by reason of remarks made by Farrow well after the preparation and presentation of the reports. When the matter was later brought to his attention, Farrow stated that the audit reports may have been incorrect with respect to the automobiles, but declined to make a retraction. The plaintiff argues that the refusal to retract destroyed the qualified privilege. This is incorrect. Evidence of a refusal to retract is, at most, circumstantial evidence *tending* to show malice in the original publication. See *Prosser, Law of Torts*, p. 800 (4th Ed.); cf. *Vigil v. Rice*, 74 N.M. 693, 397 P.2d 719 (1964). It does not by itself establish malice. The question is whether there was malice at the time of publication. It is significant that at the trial the defendants stood by their audit report statements concerning the two automobiles. While there was expert testimony on both sides of the issue, even plaintiff's accounting witnesses agreed that the ultimate conclusions drawn by defendants were a matter of judgment and interpretation. The trial court properly concluded that there was no clear and convincing evidence of a reckless disregard of the truth on the part of the defendants and correctly directed the verdict in their favor.

■ We turn finally to the plaintiff's alternative claim of negligence alleged in count two of the complaint. The claim is founded on the same facts as those alleged for libel. We conclude, as did the trial court, that in this count the plaintiff has not set forth a cause of action separate from the libel claim. The claim of negligence here is subsumed by the claim of libel.

The injury complained of by plaintiff was an invasion of his interest in reputation and good name. This involves the opinion of plaintiff held by others in the community. Defamation is the gist of the claim. Since it is, the legal rules which pertain to defamation apply. Common law negligence is not an alternative basis for recovery. This is not necessarily a result of logic; it is a product of the historical development of the law of defamation. See, in general, *Prosser, Law of Torts*, pp. 737–801 (4th Ed.).

Plaintiff relies upon *Shatterproof Glass Corp. v. James*, 466 S.W.2d 873 (Tex.Civ. App.1971) which involved liability of an accountant to a third party who had loaned money and extended credit in a reliance on the accountant's audit report. While the claim in *Shatterproof* was based on negligence, it did not involve defamation as in this case. Where one is damaged in his reputation by either oral or written communication of another, the law has established a specific set of rules upon which liability is based, commonly referred to as the law of defamation. As we have stated, the reasons are founded in history rather than logic. Nevertheless, we are not at liberty to make them coincide with developments in the law of negligence. The extension of liability based on negligence in *Shatterproof* did not require the court to reconcile its decision with the well-settled law of defamation. Damage to reputation and, consequently, the concept of qualified privilege and the required showing of actual malice were not involved in that case. We must, however, apply those principles here because injury to reputation is the gist of the claim.

■ Plaintiff also relies upon a line of cases involving erroneous reports made by credit bureaus. However, we find nothing in these cases which persuade us to a contrary view. In general, the principles of the law of defamation are applied where the defendant is a credit bureau. See, in general, Annotation at 40 A.L.R.3rd 1049, "Sufficiency of showing of malice or lack of reasonable care to support credit agency's liability for circulating inaccurate credit report."

In conclusion, we find no evidence in the record, either as it pertains to the orders of the court granting summary judgment or to the trial itself, which would entitle plaintiff to recover against the defendants.

Affirmed.

DONOFRIO, P. J., and OGG, J., concurring.