Dalton E. WELLMAN and Anna M. Wellman, Appellants,

v.

Dean JELLISON, Appellee.

No. 77–2672.

United States Court of Appeals, Ninth Circuit.

March 21, 1979.

Gary L. Graham (argued) of Garlington, Lohn & Robinson, Missoula, Mont., for appellee.

Before WRIGHT and GOODWIN, Circuit Judges, and THOMPSON,* District Judge.

PER CURIAM:

Plaintiffs in this diversity malpractice action against a lawyer appeal from a judgment on a defendant's verdict. We affirm.

On July 9, 1971, E. G. Wellman sued his son and daughter-in-law, Dalton and Anna Wellman, alleging among other things that the younger Wellmans had sold and mortgaged family real estate without the father's consent, and had defaulted on a note that the father cosigned. E. G. Wellman sought rescission of some of the real estate transactions, a portion of the proceeds from others, and reimbursement from Dalton and Anna on the loss caused by the default. Dalton was served with a summons, complaint, and restraining order on July 20, 1971; Anna, on July 28, 1971. On July 21, 1971, Dalton went to the law office of Jellison, who agreed to represent Dalton and Anna.

On August 11, 1971, a default was entered in the state court against Dalton; on August 19, 1971, against Anna. Judgment was entered against them on September 24, 1971.

Jellison then filed a motion on behalf of Dalton and Anna to set aside the defaults and judgment. At the hearing on that motion, Jellison testified that he had not been inadvertent in allowing the judgment to be entered but had purposely failed to answer E. G. Wellman's complaint because Jellison believed Dalton and Anna had not been properly served. The court refused to set aside the judgment.

This diversity action was then filed in the United States District Court in Montana.

James A. Roberts (argued), San Francisco, Cal., for appellants.

---

* The Honorable Bruce R. Thompson, United States District Judge for the District of Nevada, sitting by designation.

The Wellmans charged Jellison with breach of contract and negligence in (1) allowing the default judgment to be entered, and (2) causing the state court to refuse to set it aside.

At trial, the papers that Dalton Wellman showed Jellison at their July 21 meeting became crucial. Jellison contended that Wellman showed him only the complaint, which Wellman said he had picked up at the local sheriff's office. Because Jellison believed that Wellman had not yet received a summons, Jellison said, he felt it unnecessary to prepare an immediate answer to the complaint. Jellison said he told Wellman to notify him as soon as he received a summons in the case. Wellman, on the other hand, swore he showed Jellison the complaint, summons, and restraining order, which he said were stapled together. The jury apparently believed Jellison.

## I. CHALLENGED INSTRUCTION

The Wellmans argue that the trial court committed prejudicial error in giving the following instruction to the jury:

"In order to recover, the Plaintiffs [must] show by a preponderance of the evidence that, but for the negligence complained of, they would have been successful in the defense of the State action."

The Wellmans contend that the jury was misled by the word "successful" into thinking that, even if it found that Jellison had violated his duty to the Wellmans, the Wellmans could not recover from him unless, but for his negligence, there would have been *no* judgment whatsoever against them in the state court action. They argue that the proper instruction would have told the jury that Jellison would be liable for violation of his duty if, but for his negligence, the judgment in the state court would have been *less damaging* to them.

■ A threshold question, one not completely addressed by either party, is whether the Wellmans properly preserved this objection to the instruction in the malpractice trial. Fed.R.Civ.P. 51 provides that in order to save for appeal an erroneous instruction counsel must have objected to it before the jury retired, "stating distinctly the matter to which he objects and the grounds of his objection." *See Investment Service Co. v. Allied Equities Corp.*, 519 F.2d 508, 510–11 (9th Cir. 1975).

Wellmans' counsel objected at trial that "the instruction does not apply to the facts in this case. It applies only in a case where an attorney defendant is being sued for malpractice because of his actions and behavior, not trial litigation. We do not have those facts in this case." The objection is based on the fact that the conduct complained of occurred in litigation; it does not state that the judge improperly explained the basis of any liability growing out of that conduct. Nothing in counsel's objection relates to the meaning of "successful". The objection hardly satisfies the requirement of a statement "sufficiently specific to bring into focus the precise nature of the alleged error." *Investment Service Co. v. Allied Equities Corp.*, 519 F.2d at 510, *quoting Palmer v. Hoffman*, 318 U.S. 109, 119, 63 S.Ct. 477, 87 L.Ed. 645 (1943).

■ While the plaintiffs are not entitled to a review of the instruction as a matter of right, we have reviewed the instructions as a whole. *Sanderson v. Chapman*, 487 F.2d 264, 267 (9th Cir. 1973). The instructions as a whole gave the jury enough guidance to "intelligently determine the questions presented". The mere refusal to amplify a certain aspect of the applicable law is not a ground for reversal, even if a proper objection is made and denied. *Investment Service Co. v. Allied Equities Corp.*, 519 F.2d at 511; *see also Angle v. Sky Chef, Inc.*, 535 F.2d 492, 495–96 (9th Cir. 1976). We find no basis in the instructions for reversal.

## II. SUBMISSION OF LEGAL QUESTION TO JURY

■ On appeal, for the first time, the Wellmans object to the trial judge's submitting to the jury †he question whether the Wellmans would have been successful in having the default set aside if Jellison had properly performed his duties. According

to the Wellmans, since the decision whether to grant relief from a default judgment is made by a trial judge, and not by a jury, it is error to submit the likelihood of such relief to the jury as a question of fact in a resulting malpractice case.

Decisions of some state courts can be found in support of the Wellmans' contention,[1] but we need not reach the issue. Counsel for the Wellmans did not raise the issue in the trial court. We therefore decline to consider the argument on appeal. *United States v. Plechner*, 577 F.2d 596, 598 (9th Cir. 1978); *Evans v. Valley West Shopping Center, Inc.*, 567 F.2d 358, 361 (9th Cir. 1977).

Affirmed.

---

1. *Compare Chocktoot v. Smith*, 280 Or. 567, 571 P.2d 1255 (1977), *and Martin v. Hall*, 20 Cal.App.3d 414, 97 Cal.Rptr. 730 (1971), *with Coon v. Ginsberg*, 32 Colo.App. 206, 509 P.2d 1293 (1973). In *Chocktoot* and *Martin*, the Oregon and California courts held that in malpractice cases based on alleged attorney malfeasance in prior litigation, the distinction between fact and law in issues from the earlier litigation carries over into the malpractice action. Thus, where the malpractice issue concerned failure to raise legal defenses during a criminal trial, the trial judge should instruct the jury how the court would have ruled in the criminal action. *Martin v. Hall, supra.* In a malpractice action based on an attorney's failure to discover and present evidence in an earlier suit for breach of contract, the question whether the additional evidence would have affected the resolution of a fact issue in the prior suit is a matter of fact for the jury in the malpractice suit. *Chocktoot v. Smith, supra.* In *Coon*, however, the Colorado court stated in dictum that the jury in a malpractice case should decide whether a judge in the prior action would have set aside the judgment had the attorney performed properly.