CYNTHIA GILLION, Plaintiff-Appellant, *v.* LYMAN TIEMAN
Defendant-Appellee.

Third District   No. 79-988

Opinion filed July 17, 1980.

Patrick T. Murphy, of Goldberg & Murphy, of Chicago, for appellant.

James E. Garrison and James R. Fabrizio, both of O'Brien & Garrison, Ltd., and Snyder, Tieman & Jaquays, both of Joliet, for appellee.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Cynthia Gillion appeals from the judgment of the Circuit Court of Will County granting defendant Lyman Tieman's motion for summary judgment in plaintiff Gillion's legal malpractice action. Plaintiff argues that the entry of summary judgment was error. A review of prior activity and appeals in related cases is necessary for an adequate understanding of the instant action.

On April 5, 1973, the Circuit Court of Will County, in a juvenile proceeding, entered its order finding that the parents of two minor children were unfit and ordering that the guardian of the children be granted authority to consent to their adoption. The mother of the two children, the plaintiff in the instant case, was advised that she had 30 days in which to take an appeal from the court's order. Counsel, in the person of Lyman Tieman, the defendant in this case, had been appointed previously to represent Cynthia Gillion in the juvenile action. The complaint in the instant action alleges that Cynthia Gillion's attorney (Tieman) was retained to prosecute an appeal for her from the April 5, 1973, order. No appeal was taken within the 30 days from the entry of the court's order. Tieman did file what was termed a "Petition for Rehearing" on October 12, 1973. A hearing was held on that petition and it was denied. A notice of appeal from that order, and from the April 5, 1973, original order was then filed by Tieman.

This court dismissed that part of the appeal going to the original order (*In re Workman* (1975), 38 Ill. App. 3d 261, 344 N.E.2d 796), holding that the April 5, 1973, order was a final and appealable order from which no appeal had been taken. (38 Ill. App. 3d 261, 263.) We also found that the petition for rehearing was properly heard by the court and properly denied. 38 Ill. App. 3d 261, 264.

Thereafter, the petitioner Cynthia Gillion filed a new action in the circuit court, seeking *habeas corpus* relief, section 72 relief, and restoration of parental rights under a new petition for rehearing. The circuit court denied all relief requested. This court, in *In re Workman* (1978), 56 Ill. App. 3d 1007, 373 N.E.2d 39, affirmed that action by the trial court. In affirming, the majority overruled that part of the prior opinion which had found that petitions for restoration of parental rights could be filed after an order terminating parental rights had been entered. (56 Ill. App. 3d 1007, 1012.) The dissent, while agreeing with the result denying

all relief, argued the correctness of the prior opinion with regard to restoration petitions and urged review by the Illinois Supreme Court.

The Illinois Supreme Court took the appeal (*In re Workman* (1979), 76 Ill. 2d 256, 390 N.E.2d 900) and affirmed. The court's opinion recites the history of the case and the issues raised. However, counsel for Cynthia Gillion conceded all issues except "that of whether, at the time of the 1973 order, the trial court's failure to inquire into Cynthia's indigency and offer her some type of assistance on appeal denied her constitutional rights in such a way as to require a reopening of the order entered in 1973." (76 Ill. 2d 256, 259.) The Illinois Supreme Court, however, did not reach that constitutional issue. Instead, the court based its affirmance upon a review of the record and its finding that the order of April 5, 1973, terminating Cynthia's parental rights, was "amply supported" in the record. (76 Ill. 2d 256, 259.) After reviewing in detail the evidence of unfitness that was presented (76 Ill. 2d 256, 259-62), the court concluded:

> "In short, there was ample evidence from which the court could and did conclude that the same regretable series of events which had prevented Cynthia from being able to fulfill the responsibilities of parenthood at the time of her original relinquishment of custody had not abated, but had in fact been aggravated by yet another unsuccessful marriage. We know from the record of the 'rehearing' that no successful reconciliation was achieved between Cynthia and her husband, and that the circuit court correctly analyzed Cynthia's prospects for establishing any kind of a stable home life, as she drifted through a succession of jobs and addresses.
>
> It therefore is largely irrelevant to the ultimate disposition of this case that Cynthia did not timely file her notice of appeal from the 1973 order terminating her parental rights, and her reasons for failing to perfect that appeal are equally irrelevant." (76 Ill. 2d 256, 262-63.)

It affirmed our decision.

Thereafter, Cynthia Gillion filed the instant action, based upon legal malpractice, against her attorney Lyman Tieman, for his failure to file a notice of appeal from the April 5, 1973, order terminating her parental rights. Plaintiff Cynthia Gillion argues that had an appeal been filed, it would have been successful since the State failed to meet its burden of showing unfitness by clear and convincing evidence. The cause proceeded to summary judgment on defendant's motion, and the circuit court granted judgment for the defendant. The court reasoned that Cynthia Gillion, in order to prove damages, would have had to establish that "but for the negligence, her appeal would have been successful." The circuit court found that the plaintiff Gillion could not show damages, in

view of the Illinois Supreme Court's holding that the April 5, 1973, order was amply supported in the record. Thus, the appeal would not have been successful. The Illinois Supreme Court noted the irrelevance of the question of timely appeal, because of the fact that such an appeal would not have been successful on the record. Based upon the lack of damages, the circuit court granted summary judgment to the defendant in this cause.

■■■ We agree and affirm. To succeed in her malpractice claim, Cynthia Gillion would have been required to prove damages caused by the defendant's failure to file a timely notice of appeal. To prove damages, she would have to show that an appeal would have been successful. (*Trustees of Schools v. Schroeder* (1971), 2 Ill. App. 3d 1009, 278 N.E.2d 431.) As the court therein noted:

> "Whenever an attorney disobeys the lawful instructions of his client he is liable for any loss which ensues from such act. [Citations.] Damages will not be presumed, however, and the client bears the burden of proving that damages resulted. This burden involves the task of establishing that, but for the negligence complained of, the client would have been successful in the prosecution or defense of the action in question. [Citations.]" (2 Ill. App. 2d 1009, 1012-1013.)

The Illinois Supreme Court, in *In re Workman* (1979), 76 Ill. 2d 256, 390 N.E.2d 900, determined that the appeal of the April 5, 1973, order would not have been successful, as that order was amply supported by the evidence. Thus, Gillion could not show damages in her malpractice action against Tieman. Summary judgment was, therefore, proper.

■■ Counsel for Cynthia Gillion, on this appeal, argue that the Illinois Supreme Court never addressed the question of the sufficiency of the evidence supporting the April 5, 1973, order since that issue had not been raised before the Illinois Supreme Court. This argument ignores realities. While the case did go before the Illinois Supreme Court on a constitutional question, the court did not decide that question. Instead, it based its affirmance upon a thorough review of the record and its conclusion that the record amply supported the finding of unfitness made in the April 5, 1973, order. The sufficiency of the evidence, plaintiff's asserted basis for a reversal of the April 5 order on appeal, was the only issue addressed of the April 5 order on appeal, was the only issue addressed by the Illinois Supreme Court, and it was on that issue that the cause was decided and affirmed. (76 Ill. 2d 256, 263.) Therefore, the finding and conclusion by the Illinois Supreme Court on the issue of the sufficiency of evidence cannot be considered *dicta*.

The Circuit Court of Will County in the instant case properly relied upon the prior supreme court opinion in finding that Cynthia Gillion

would be unable to show damages in her malpractice action against Lyman Tieman. The summary judgment entered for the defendant on that basis is affirmed.

Affirmed.

STENGEL and BARRY, JJ., concur.