732 P.2d 1105

I.M. MOLEVER, Plaintiff-Appellant,
Cross Appellee,

v.

Charles D. ROUSH, an individual, and
Treon, Warnicke, Dann & Roush, P.A.,
Defendants-Appellees, Cross Appel-
lants.

No. 1 CA–CIV 8045.

Court of Appeals of Arizona,
Division 1, Department D.

Aug. 19, 1986.

Reconsideration Denied Jan. 21, 1987.

Review Denied Feb. 11, 1987.

Beus, Gilbert, Wake & Morrill by Neil Vincent Wake, C. Steven McMurry, Phoenix, for plaintiff-appellant, cross appellee.

Monbleau, Vermeire & Turley, P.C. by Kent E. Turley, Albert R. Vermeire, Phoenix, for defendants-appellees, cross appellants.

## OPINION

GRANT, Judge.

This case incorporates two appeals in one, a direct appeal and a cross-appeal. The case began as a legal malpractice action brought by I.M. Molever (Molever) against attorney, Charles D. Roush and Roush's law firm, Treon, Warnicke, Dann & Roush, P.A. (Roush). The complaint in malpractice had two counts. Count I alleged negligence and breach of contract by Roush in an action against attorneys Stanley E. Preiser and John F. Brown, Jr. (Preiser & Brown litigation). Count II alleged negligence and breach of contract by Roush in the prosecution of a defamation action against Retail Credit Company for a false and defamatory credit report (Retail Credit litigation). The trial court originally granted summary judgment against Molever on both counts. However, after granting post-trial motions with respect to Count I (Preiser & Brown litigation), the court reinstated the claim against Roush. The court denied the motions with respect to Count II (Retail Credit litigation). Molever appeals from the summary judgment for Roush as to Count II (Retail Credit litigation). Roush cross-appeals on the order granting a new trial and setting aside summary judgment as to Count I (Preiser & Brown litigation).

### DIRECT APPEAL (Retail Credit Litigation) (Count II)

Molever appeals from summary judgment granted in favor of Roush and from an order denying his motion for a new tri-

al.[1] Molever contends that triable issues of negligence exist. We do not agree.

### FACTS (Retail Credit Litigation) (Count II)

Viewed in a light most favorable to Molever, the course of events may be summarized as follows. Molever retained Roush in 1977 to represent him in a defamation suit against Retail Credit Company. In February, 1980, the case was tried in the United States District Court of Arizona before visiting Judge Wesley Brown of the District of Kansas.

Molever's claim was that he was injured by a false credit report published by Retail Credit. Retail Credit defended, *inter alia,* on the grounds that its report was neither false nor injurious, that Molever was a public figure, and that it was entitled to a conditional privilege as to the publication of the statement. While the record before us of the district court proceedings is spare, it is evident that Judge Brown ruled that Molever was not a public figure, but that a conditional privilege existed in favor of Retail Credit.

During the trial, both Roush and counsel for Retail Credit, pursuant to rule 51, Federal Rules of Civil Procedure, submitted written requests for jury instructions. Judge Brown advised counsel of his intentions regarding the requests prior to counsels' arguments to the jury. Following counsels' arguments to the jury, Judge Brown instructed the jury. The allegedly erroneous instructions read as follows:

### INSTRUCTION NO. 21

A publication is made with "actual malice," as that term is used in these instructions, if it is made with a wrongful motive or in bad faith, or with knowledge that it is false, or with reckless disregard of whether it is false or not.

### INSTRUCTION NO. 22

"Recklessness" implies a higher degree of culpability than negligence. A failure to exercise ordinary or reasonable care in ascertaining the truth of published material does not, standing alone, render the publisher liable in damages in the circumstances of this case.

In order to establish recklessness, the plaintiff must prove the defendants entertained serious doubts as to the truth of the statements published, or that the defendants had a high degree of awareness of the probable falsity of the statements published.

In compliance with rule 51, Judge Brown heard objections after instructing the jury. Roush objected to the court's definition of recklessness as found in instruction 22. Judge Brown overruled the objection.

The jury apparently focused its attention on instruction 22. Indeed, the jury during its deliberations asked for clarification of only one instruction—instruction 22. Upon repetition of instruction 22, the jury resumed its deliberations and shortly thereafter returned a verdict for Retail Credit.

Roush subsequently filed a motion for a new trial on the ground that the jury had been improperly instructed. The motion was denied. Molever did not appeal from the judgment in favor of Retail Credit.

In 1981, Molever brought the present malpractice action against Roush and the law firm. Molever alleged breach of contract and negligent failure to object to erroneous jury instructions. Molever contended that the "actual malice/reckless disregard" instructions (instructions 21 and 22) were improper in light of the federal district court's finding that Molever was not a public figure. Molever also alleged that Roush negligently failed to file a notice of appeal from the adverse judgment.

### LEGAL ANALYSIS OF DIRECT APPEAL

1. DID THE TRIAL COURT ERR IN GRANTING SUMMARY JUDGMENT?

Our evaluation of the trial court's grant of summary judgment is guided by the

---

**1.** The trial court did not by its minute entry explicitly deny the motion for a new trial on Count II. Because Molever filed a motion for a new trial on both counts and was granted a new trial only on Count I, the denial of his motion on Count II is implicit.

principle that summary judgment is only proper provided there is no genuine dispute as to any material fact, and provided the moving party is entitled to judgment as a matter of law. *Tribe v. Shell Oil Co., Inc.,* 133 Ariz. 517, 652 P.2d 1040 (1982); *Gomez v. Hensley,* 145 Ariz. 176, 700 P.2d 874 (App.1984). We note, unhappily, that the appellate briefs of both parties contain arguments that strain to find support in the record. Moreover, we find incredible the bold suggestion proposed by counsel for Roush at oral argument that we take judicial notice of the federal district court proceedings. On an appeal from summary judgment, this court will only review any pleadings, depositions, affidavits, and other material properly considered by the trial judge pursuant to rule 56(c), Arizona Rules of Civil Procedure. *See Overson v. Cowley,* 136 Ariz. 60, 664 P.2d 210 (App.1982); *Crook v. Anderson,* 115 Ariz. 402, 565 P.2d 908 (App.1977). In this manner, we now turn to consider Molever's first contention that Roush negligently failed to object to an erroneous instruction.

### a. FAILURE TO OBJECT

It is well established that the burden to show no genuine dispute of a material fact rests on the party moving for summary judgment. *Mast v. Standard Oil Co. of Cal.,* 140 Ariz. 1, 680 P.2d 137 (1984); *Nelson v. Cannon,* 126 Ariz. 381, 616 P.2d 56 (App.1980). Upon a prima facie showing that no dispute exists, however, the burden shifts to the party opposing the motion to show there exists evidence of genuine issues for trial. *Portonova v. Wilkinson,* 128 Ariz. 501, 627 P.2d 232 (1981); *W.J. Kroeger Co. v. Travelers Indemnity Co.,* 112 Ariz. 285, 541 P.2d 385 (1975). In the absence of controverting affidavits, moreover, any facts alleged by affidavits attached to a party's motion for summary judgment may be considered true. *Portonova,* 128 Ariz. at 502, 627 P.2d at 233; *Cecil Lawter Real Estate School, Inc. v. Town & Country Shopping Center Co. Ltd.,* 143 Ariz. 527, 694 P.2d 815 (App. 1984).

We have studied the record in this case and have determined that Roush met his burden to negate any alleged negligence. In support of his motion for summary judgment, Roush put into the record his own affidavit stating that he strongly opposed the trial court's instruction 22. Roush additionally submitted the affidavit of counsel for Retail Credit. Opposing counsel stated that Roush vigorously argued to Judge Brown that the requests he presented be given, and that certain instructions proposed by Retail Credit, the defendant, not be given—specifically, the "actual malice/reckless disregard" instructions. Counsel also noted that when Judge Brown gave Roush the opportunity to formally object, Roush objected to instruction 22, thereby preserving the record. Finally, Roush provided the trial judge with the following record of his objection before Judge Brown:

MR. ROUSH: Instruction number 22, definition of recklessness, insofar as it does not incorporate the *Romer* standard, that a failure to have any reasonable belief in the truth may constitute recklessness.

I believe the Court's instruction is improper. The instruction implies that the defendant must have actual serious doubts.

In other words, affirmative doubts or that he have a high degree of awareness of probable falsity.

It does not include the elements as set forth in the *Romer* case of a reckless or total lack of any information upon which to base a belief in truth, and in that regard, I think the instruction is lacking.

In sum, Roush has easily made a prima facie showing on the issue of negligence. The supporting materials establish that Roush met his duty to act as a reasonably careful and skillful attorney. *Martin v. Burns,* 102 Ariz. 341, 429 P.2d 660 (1967); *Sarti v. Udall,* 91 Ariz. 24, 369 P.2d 92 (1962). Molever, by contrast, has not met his burden. Molever filed no contravening affidavits or depositions. Counsel for Molever only stated in his response to

Roush's motion for summary judgment that vehement opposition falls far short of showing the required standard for attorney practice. Counsel's statement does no more than contend that a factual issue exists. Such a mere contention is insufficient to rebut Roush's prima facie showing. *Kroeger*, 112 Ariz. at 286, 541 P.2d at 386; *Dobson v. Grand International Brotherhood of Locomotive Engineers*, 101 Ariz. 501, 421 P.2d 520 (1966). Furthermore, the law does not presume that an attorney is guilty of malpractice merely because his or her client is dissatisfied with the result. Rather, the law presumes that the attorney has discharged his or her duty. *Mazer v. Security Ins. Group*, 368 F.Supp. 418 (E.D. Pa.1973), *affirmed*, 507 F.2d 1338 (3d Cir. 1975). Accordingly, we hold that the record justifies the trial court's grant of summary judgment for Roush on Count II.

### b. FAILURE TO APPEAL

In his complaint, Molever also alleged that Roush negligently failed to file a notice of appeal from the judgment for Retail Credit. Molever stated in his affidavit that Roush agreed to appeal the case after first filing a motion for a new trial. Roush, on the other hand, claimed during discovery that he had informed Molever that he would not file an appeal.

The grant of a motion for summary judgment is improper when there exists a disputed fact which, if true, *could affect final judgment. Hegel v. O'Malley Ins. Co., Inc.*, 122 Ariz. 52, 593 P.2d 275 (1979); *Consolidated Roofing & Supply Co., Inc. v. Grimm*, 140 Ariz. 452, 682 P.2d 457 (App.1984). Assuming that Roush breached some duty to perfect an appeal, any breach would be immaterial: Molever has failed to present evidence of all the elements necessary to a cause of action for malpractice.

A claim for legal malpractice is no different from a claim for negligence. *Bowman v. Two*, 104 Wash.2d 181, 704 P.2d 140 (1985); *Chocktoot v. Smith*, 280 Or. 567, 571 P.2d 1255 (1977); *Herston v. Whitesell*, 348 So.2d 1054 (Ala.1977); *Christy v. Sali-*

*terman*, 288 Minn. 144, 179 N.W.2d 288 (1970). Actionable negligence rests on a showing of a duty, a breach of duty, causation and damages. *Markowitz v. Arizona Parks Bd.*, 146 Ariz. 352, 706 P.2d 364 (1985); *Wisener v. State*, 123 Ariz. 148, 598 P.2d 511 (1979); *Flowers v. K Mart Co.*, 126 Ariz. 495, 616 P.2d 955 (App.1980).

 Molever has not made the requisite showing regarding causation and damages. In order to prove causation in the context of an alleged failure to appeal, Molever would have to establish that he would have been successful had Roush appealed. *Daugert v. Pappas*, 104 Wash.2d 254, 704 P.2d 600 (1985); *Jablonski v. Higgins*, 6 Ohio Misc.2d 8, 453 N.E.2d 1296 (1983); *Gillion v. Tieman*, 86 Ill.App.3d 147, 41 Ill.Dec. 648, 407 N.E.2d 1146 (1980). Because liability cannot attach, we hold that the trial court did not err in directing summary judgment on the appeal issue.

### 2. DID THE TRIAL COURT ABUSE ITS DISCRETION IN DENYING MOLEVER'S MOTION FOR A NEW TRIAL?

We now turn to determine whether the trial court improperly denied Molever's motion for a new trial on Count II. Absent a clear abuse of discretion, this court will not disturb the trial court's ruling. *Adroit Supply Co. v. Electric Mut. Liability Ins. Co.*, 112 Ariz. 385, 542 P.2d 810 (1975); *Suciu v. Amfac Distributing Co.*, 138 Ariz. 514, 675 P.2d 1333 (App.1983).

Molever, in a *pro per* motion for new trial filed on September 12, 1984, challenged the grant of summary judgment on the basis of Roush's non-compliance with federal rule 51, and on the basis that Roush himself requested the allegedly erroneous instructions. Molever also stated that Roush negligently failed to appeal the judgment in favor of Retail Credit.

 Molever's motion for new trial on Count II did not meet the requirements of rule 59(c), Arizona Rules of Civil Procedure. Rule 59(c) provides that a motion for a new trial "shall specify generally the

grounds upon which relief is based." Rule 59(a), moreover, identifies the very grounds upon which a motion for new trial may be granted. Molever's claims of error aver not one ground for new trial as contemplated by rules 59(a) and 59(c). Rather, Molever's motion only restated and supplemented the very allegations raised against Roush in the original complaint.

Since Molever's motion for new trial is not in compliance with rule 59(c), the question of an alleged abuse of discretion is not properly before us. We therefore affirm the trial court's grant of summary judgment on Count II.

### 3. WAS MOLEVER ENTITLED TO A NEGLIGENCE INSTRUCTION UNDER ARIZONA DEFAMATION LAW?

In his complaint, Molever suggests that Roush failed to object to improper instructions. Now on appeal, relying on our supreme court's decision in *Peagler v. Phoenix Newspapers, Inc.*, 114 Ariz. 309, 560 P.2d 1216 (1977), Molever contends that in a libel action between a private individual and a party entitled to a conditional privilege, the private individual may recover upon a mere showing of negligence. From this premise, Molever refines his position on appeal to claim that Roush was negligent for not specifically objecting to the "actual malice/reckless disregard" instructions on *Peagler* grounds. Because we will not consider new theories first raised on appeal, *Stratton v. Inspiration Consol. Copper Co.*, 140 Ariz. 528, 683 P.2d 327 (App.1984), the trial court's judgment may be and is affirmed without passing on this additional argument. We nevertheless note the following.

As of 1980, the relevant period for the purposes of this appeal, most Arizona case law dealing with the issue of qualified privileges defined the burden of a private plaintiff in accordance with the law stated in instructions 21 and 22. *See, e.g., Roscoe v. Schoolitz*, 105 Ariz. 310, 464 P.2d 333 (1970); *Aspell v. American Contract Bridge League*, 122 Ariz. 399, 595 P.2d 191 (App.1979); *Ross v. Gallant, Farrow & Co., P.C.*, 27 Ariz.App. 89, 551 P.2d 79 (1976). Thus, even had Roush then not objected to Judge Brown's instructions, it would be difficult, at best, for Molever to recover on a malpractice theory.[2] Moreover, to the extent that *Peagler* could conceivably be read to suggest that a conditional privilege could be overcome by a mere showing of negligence, Roush, in the face of Arizona authority to the contrary, would not be negligent for failing to object on *Peagler* grounds. An attorney is not liable for negligence regarding unsettled issues of law on which reasonable attorneys may differ. *Woodruff v. Tomlin*, 616 F.2d 924 (6th Cir.1980); *Martin v. Burns*, 102 Ariz. at 343, 429 P.2d at 662; *Talbot v. Schroeder*, 13 Ariz.App. 230, 475 P.2d 520 (1970).

We affirm the judgment of the trial court in favor of Roush as to Count II (Retail Credit litigation).

### THE CROSS–APPEAL (Preiser & Brown Litigation) (Count I)

In the cross-appeal, Roush challenges the trial court's order granting Molever a new trial on Count I. Roush contends that it is the duty of the trial court in an attorney malpractice action to determine causation as a matter of law when the alleged negligence concerns a legal issue resolved by a judge rather than a factual issue resolved by a jury. We agree.

### FACTS (Preiser & Brown Litigation) (Count I)

During 1977, Roush began representing Molever in a prior legal malpractice action against two West Virginia attorneys, Stanley E. Preiser and John F. Brown, Jr. The

---

**2.** The law was recently clarified in *Greenacres Trust v. London*, 141 Ariz. 609, 688 P.2d 617 (1984). The *Greenacres* court held that, "Once a defendant demonstrates that a conditional privilege may apply, the plaintiff may then prove an abuse of that privilege either by proving publi-cation with actual malice or by demonstrating excessive publication." *Id.* at 616, 688 P.2d at 624. *See also Selby v. Savard*, 134 Ariz. 222, 655 P.2d 342 (1982); *Restatement (Second) of Torts* §§ 600, 604 (1977).

case, tried to Judge Robert Maxwell in the United States District Court for the Northern District of West Virginia, resulted in the entry of summary judgment in favor of attorneys Preiser and Brown. Thereafter, Roush moved for reconsideration on two occasions. Both motions for reconsideration were denied. Roush then took an appeal to the United States Court of Appeals for the Fourth Circuit. The circuit court affirmed the district court. Finally, Roush filed a petition for a writ of certiorari to the United States Supreme Court. The petition was denied.

In Count I of this legal malpractice action, Molever contended that Roush had negligently failed to present certain material exhibits, the presentation of which would have prevented Judge Maxwell's grant of summary judgment in the prior lawsuit.

Molever moved for summary judgment on Count I. Roush cross-moved for summary judgment. Roush alleged, in part, that Molever failed to make the requisite showing that "but for" Roush's alleged failure to present certain exhibits, Judge Maxwell would not have entered summary judgment in favor of attorneys Preiser and Brown.

The trial court granted Roush's cross-motion for summary judgment on both Counts I and II in a minute entry ruling dated October 19, 1983. As to Count I, the court stated, in part, that, (1) the federal district and circuit courts had held that the claim against Preiser and Brown was barred by the statute of limitations when filed by Molever; (2) Molever's current claim against Roush was also time-barred; and (3) Molever failed to demonstrate that Roush's alleged malpractice was the cause of injury. Judgment in favor of Roush was entered on March 20, 1984.

Molever subsequently filed numerous motions including a motion for a new trial. By minute entry of September 20, 1984, the trial court denied that motion. The court found that although it had erred in its October 19, 1983 order on the statutes of limitations issues, Molever nevertheless failed to introduce material evidence of any causal link between Roush's alleged negligence and Molever's claimed injury. On the causation issue the trial court specifically noted:

> The Court has reviewed the ten exhibits attached to Plaintiff's post argument memorandum filed October 21, 1983. Nothing has been presented upon which this court, or a jury, could infer causation from Roush's failure to present those ten exhibits (7 of which Judge Maxwell took judicial notice), . . . . Plaintiff has not pointed out to the court how those 10 exhibits or any other evidence raises such inference, other than to merely say they do. To deny Defendant's Motion for Summary Judgment would be to invite a jury to review that same evidence and speculate as to what Judge Maxwell would have done with it.

Following entry of formal order on October 12, 1984, Molever filed a motion for relief from judgment based on mistake and surprise and a motion for new trial (reconsideration) regarding the granting of summary judgment pursuant to the minute entry order of September 20, 1984 and the denial of the prior motion for new trial. Molever appended to this motion for a new trial the affidavit of a California attorney setting forth his opinions with respect to the probable consequences of Roush's failure to present the exhibits. By minute entry of November 2, 1984, the trial court granted Molever's motion for a new trial and thereby reinstated Count I of Molever's original complaint. The minute entry provided in part:

> Although Plaintiff presented no direct evidence of proximate causation prior to the granting of Defendants Cross-Motion for Summary Judgment on October 19, 1983, neither did Defendant present any evidence of the lack of proximate causation. The Court believes an inference of proximate causation may be rationally drawn from the facts (or from the facts which this Court must presume to exist for purposes of the Defendants' Cross-Motion for Summary Judgment).

The formal order granting the motion for new trial on Count I was entered on November 9, 1984. This cross-appeal followed.

Roush argues that, since the grant of summary judgment is a legal ruling, the trial court erred in treating the causation issue as one of fact, leaving its ultimate resolution for a jury. Roush states that critical to the reinstatement of Count I was the trial court's finding in the above quoted minute entry that an inference of proximate cause existed. Molever responds that causation is always a matter for the jury.

## LEGAL ANALYSIS OF CROSS–APPEAL

■ We begin our analysis of Roush's cross-appeal by again observing that a legal malpractice action is akin to a common negligence action. *Chocktoot,* 280 Or. at 570, 571 P.2d at 1257; *Herston,* 348 So.2d at 1057; *Christy,* 288 Minn. at 150, 179 N.W.2d at 293–94. *See also Schroeder v. Hudgins,* 142 Ariz. 395, 690 P.2d 114 (App. 1984) (actions for legal malpractice are tort claims). Assuming therefore an attorney's breach of a duty to his or her client, the client's recovery depends on a showing that "but for" the alleged negligence of the attorney the injury complained of would not have occurred. *Allred v. Rabon,* 572 P.2d 979 (Okla.1977); *Godbout v. Norton,* 262 N.W.2d 374 (Minn.1977), *appeal dismissed,* 437 U.S. 901, 98 S.Ct. 3086, 57 L.Ed.2d 1131 (1978); *Becker v. Julien, Blitz & Schlesinger, P.C.,* 95 Misc.2d 64, 406 N.Y.S.2d 412 (1977), *modified on other grounds,* 66 A.D.2d 674, 411 N.Y.S.2d 17 (1978); *Gibson v. Johnson,* 414 S.W.2d 235 (Tex.Civ.App.1967).

Neither party before us quarrels over the "but for" causation requirement. Nor is it disagreed that Roush failed to present the trial court with certain exhibits. The parties do dispute, however, who, judge or jury, decides the probable consequences of Roush's alleged negligence.

■ The general rule is that the question of causation is one of fact for a jury except in those instances where no reasonable persons could disagree. *Harmon v. Szrama,* 102 Ariz. 343, 429 P.2d 662 (1967); *Moore v. Maricopa County,* 11 Ariz.App. 505, 466 P.2d 56 (1970). However, when the consequences of an attorney's alleged negligence bear upon a legal ruling by the court, the causation question is in all circumstances one of law. *See, e.g., Wellman v. Jellison,* 593 F.2d 876 (9th Cir.1979); *Cabot, Cabot & Forbes v. Brian, Simon, Peragine,* 568 F.Supp. 371 (E.D.La.1983); *Daugert,* 104 Wash.2d at 256–58, 704 P.2d at 603–04; *Helmbrecht v. St. Paul Ins. Co.,* 122 Wis.2d 94, 362 N.W.2d 118 (1985); *Chocktoot,* 280 Or. at 574–75, 571 P.2d at 1259; *Martin v. Hall,* 20 Cal.App.3d 414, 97 Cal. Rptr. 730 (1971).

We believe the resolution of this cross-appeal should derive from the framework used by courts to try legal malpractice actions. Traditionally, these actions are litigated by having a "trial within a trial", a process wherein a judge or jury decides what result would have followed had the underlying action been properly tried. *Helmbrecht,* 122 Wis.2d at 103, 362 N.W.2d at 124; *Katsaris v. Scelsi,* 115 Misc.2d 115, 453 N.Y.S.2d 994 (1982). *See also Frey v. Stoneman,* 150 Ariz. 106, 722 P.2d 274 (1986). Because the premise of "trying" the underlying lawsuit is to discover the result that would have been reached, we think it most logical for the trial judge's identification of issues (in the malpractice action) of fact for the jury and issues of law for the court to carry over from the underlying lawsuit. We are thus persuaded by the attorney-malpractice decisions recognizing that causation is a question of law when a legal decision of the original trial judge disposed of the original claim. *See, e.g., Wellman,* 593 F.2d at 879; *Helmbrecht,* 122 Wis.2d at 125–27, 362 N.W.2d at 134–35; *Chocktoot,* 280 Or. at 574–75, 571 P.2d at 1259; *Martin v. Hall,* 20 Cal.App.3d at 420, 97 Cal.Rptr. at 733.

Therefore the question facing the trial judge below was whether the exhibits would have changed Judge Maxwell's decision to grant summary judgment for attorneys Preiser and Brown.

In the present case, Molever alleged that the failure of Roush to present certain exhibits directly led to Judge Maxwell's decision to grant summary judgment in favor of attorneys Preiser and Brown. Since summary judgment does not resolve factual issues, but instead decides that no factual issues exist, *see Frey*, 150 Ariz. at 111, 722 P.2d 274; *Mobile Home Estates v. Levitt Mobile Home*, 118 Ariz. 219, 575 P.2d 1245 (1978); *Ruiz v. Otis Elevator*, 146 Ariz. 98, 703 P.2d 1247 (App.1985), it is purely a legal determination. Accordingly, the question of causation in this matter— i.e., would summary judgment have been entered had Roush presented certain exhibits—is a legal question for the trial court and not for a jury. Because it is error to resolve issues of law as questions of fact, *see Fendler v. Texaco Oil Co.*, 17 Ariz.App. 565, 499 P.2d 179 (1972), we hold that the trial court improperly granted Molever a new trial on Count I.

For the sake of clarity, we emphasize the following. Roush, in his appellate brief, at times seems to broadly suggest that the trial court erred merely because a judge decides summary judgment. Roush's suggestion is misleading. Simply stated, the rule we adopt regarding the responsibilities of judge and jury in the "trial-within-a-trial" stage of an attorney malpractice suit requires that issues resolved by the finder of fact, whether judge or jury, during the underlying action are likewise resolved by the finder of fact in the subsequent malpractice action; issues of law resolved by the court in the underlying action are likewise resolved by the court in the subsequent malpractice action.

Last, Roush argues that the trial judge correctly decided the causation issue as a matter of law by his earlier minute entry ruling dated October 12, 1984. Roush then asks this court to reinstate that prior order.

We do agree that in the prior order the trial court decided causation as a legal matter; the trial court apparently did so not because it believed that the causation issue was to be decided in all circumstances by the trial court, but only because the trial court had decided that no reasonable persons could disagree that Molever failed to show evidence of a causal link.

When the trial court ruled as a question of law that presentation of the exhibits would not have changed Judge Maxwell's mind, it resolved the issue against Molever. This court has independently reviewed this question of law pursuant to *Rancho Pescado v. Northwestern Mut. Life Ins. Co.*, 140 Ariz. 174, 680 P.2d 1235 (App.1984); *Henderson v. Las Cruces Production Credit Ass'n*, 6 Ariz.App. 549, 435 P.2d 56 (1967); and A.R.S. § 12–2103(A). We affirm the trial court's order of October 12, 1984 denying Molever's motion for new trial. The trial court is directed to reinstate that order and vacate the order granting a new trial on count I.

## SANCTIONS

We finally consider the requests for sanctions made by both parties pursuant to rule 25, Arizona Rules of Civil Appellate Procedure. Molever claims that Roush's cross-appeal is frivolous and in violation of rule 13(a)(4), Arizona Rules of Civil Appellate Procedure, for misstating the trial court record. Roush denies any misstatement and responds that Molever has misstated the record. Roush also contends that Molever has filed frivolous appellate motions.

Rule 25, Arizona Rules of Civil Appellate Procedure, authorizes this court to impose sanctions where an appellate motion or the appeal itself is frivolous, or filed merely for purposes of delay, or for any unreasonable infraction of civil appellate rules. However, we will only use our authority to award sanctions under rule 25 with great reservation. *Price v. Price*, 134 Ariz. 112, 654 P.2d 46 (App.1982).

Because we have determined that the trial court erred in granting Molever's motion for a new trial, Roush's cross-appeal can hardly be classified as frivolous. *Wustrack v. Clark*, 18 Ariz.App. 407, 502 P.2d 1084 (1972). Moreover, while the record before us is incomplete, we find

Molever's contentions regarding Roush's alleged misstatements of the record on the causation issue without merit. We therefore deny Molever's request for sanctions.

We likewise refuse to invoke sanctions against Molever. Although Molever has burdened this court with motions far too numerous to detail, we hesitate to say they are indisputably without merit. Nor do we find the majority of Roush's statements completely unsupported by the record.

## CONCLUSION

To recapitulate, we affirm the trial court's grant of summary judgment and denial of motion for new trial on Count II. We reverse the grant of new trial on Count I and direct the trial court to reinstate its original order denying the motion for new trial. We deny both parties' motions for sanctions.

BROOKS and FROEB, JJ., concur.