NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CANNABIS RENAISSANCE GROUP LLC, et al., *Plaintiffs/Appellants*,

*v.*

FENNEMORE CRAIG, PC, et al., *Defendants/Appellees*.

No. 1 CA-CV 20-0089
FILED 9-14-2021

---

Appeal from the Superior Court in Maricopa County
No. CV 2016-054776
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

---

COUNSEL

May, Potenza, Baran & Gillespie PC, Phoenix
By Jesse R. Callahan
*Co-Counsel for Plaintiffs/Appellants*

Covault Law PC, Phoenix
By Jason M. Covault
*Co-Counsel for Plaintiffs/Appellants*

Snell & Wilmer LLP, Phoenix
By Patricia Lee Refo, James R. Condo, Matt Jarvey
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge David B. Gass joined.

---

**B R O W N**, Judge:

¶1         Cannabis Renaissance Group, LLC and Mohit Asnani (collectively "CRG") appeal the superior court's order granting summary judgment in favor of Fennemore Craig, P.C. dba Fennemore Craig Jones Vargas and attorney Patrick J. Sheehan (collectively "Fennemore" unless otherwise noted) on CRG's legal malpractice claim.   For the following reasons, we affirm.

**BACKGROUND**

¶2         CRG filed three applications for special use permits from the City of Las Vegas to operate medical marijuana facilities for cultivation, production, and dispensary facilities.  On October 28, 2014, the Las Vegas City Council ("City Council") considered CRG's applications at a special meeting.   City staff recommended approval of the dispensary facility permit.  Staff also recommended approval of the production facility permit, but suggested tabling that agenda item because the subject site was not in compliance with certain state requirements.

¶3         In considering the special use permit applications for the dispensary and production facilities, a City Council member said he did not support CRG's applications because he thought CRG's members lacked the requisite experience and professionalism.   Staff advised that "several attachments and documents were missing" from CRG's application for the dispensary facility.   Staff also noted that because CRG's budget was not submitted for the dispensary facility, staff "could not determine whether [CRG's available funding] was sufficient for the operations they were proposing."  The City Council denied the permit for the dispensary facility, and then tabled consideration of the permit for CRG's production facility.

¶4         Staff recommended approval of the special use permit for the cultivation facility.   In discussing CRG's application, a City Council member again expressed concerns about CRG's lack of experience.   The member specifically noted that some of CRG's principals included a print

2

shop foreman, an insurance agent, and a motel manager. Staff again advised there were "several required attachments and documents that were missing from the personal history questionnaires" in the application. Finally, staff noted that CRG provided inconsistent information about its proposed cultivation facility's square footage. The City Council voted to deny CRG the special use permit for the cultivation facility. But after recognizing the anomaly in its decision to table the production facility permit while at the same time denying CRG's ability to cultivate and dispense marijuana, the City Council revisited the production facility permit and denied it.

¶5        On November 24, 2014, CRG hired Sheehan, an attorney with Fennemore, to represent CRG in Nevada in connection with a petition for judicial review of the City Council's denial of the special use permits. Sheehan filed a petition the next day on behalf of CRG, which the City moved to dismiss because it was filed one day late. The Clark County District Court granted the motion and dismissed the petition with prejudice, finding in part the petition was not timely filed.

¶6        In 2016, CRG filed a legal malpractice action in Maricopa County Superior Court alleging Fennemore was negligent in failing to timely petition for review. After Fennemore stipulated to the elements of duty and breach, the parties filed competing motions for summary judgment on causation.

¶7        The superior court ruled in favor of Fennemore, concluding that if Sheehan had timely filed the petition for judicial review, a Nevada district court judge would have upheld the City Council's decision denying the applications as a matter of law because the decision was supported by substantial evidence. Thus, the court found that CRG could not prove causation in its legal malpractice case and dismissed CRG's claims with prejudice. CRG filed a motion for new trial, which the court denied. We have jurisdiction of CRG's timely appeal under A.R.S. § 12-2101(A)(1), (5)(a).

## DISCUSSION

¶8        We review de novo a grant of summary judgment, viewing the facts in the light most favorable to CRG, the party opposing summary judgment. *Andrews v. Blake*, 205 Ariz. 236, 240, ¶ 12 (2003). We will affirm summary judgment when there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a); *see Orme Sch. v. Reeves*, 166 Ariz. 301, 305 (1990).

¶9        We first note the record before us does not contain all of the documentation the City Council considered.  As the plaintiff in this legal malpractice case, CRG bears the burden of proving the case-within-a-case, and CRG's failure to preserve or later obtain a copy of the applications it submitted to the City Council substantially weakens its malpractice claim. *See Phillips v. Clancy*, 152 Ariz. 415, 418 (App. 1986) ("[P]laintiff must prove that but for the attorney's negligence, he would have been successful in the prosecution or defense of the original suit.").  CRG argues the fault for an incomplete superior court record lies with Fennemore because the City Council record would have been preserved, absent the negligence.  That argument is unavailing because Fennemore was not engaged in this matter until after the application process was completed, and CRG cites no authority supporting its position that Fennemore was responsible for CRG's own failure to retain records that may have been useful in pursuing this malpractice claim.

¶10        Regardless, to the extent CRG challenges the superior court's finding that CRG's failure to preserve the full applications was "at CRG's peril," the City Council hearing transcript, staff recommendations, deposition excerpts, responses to interrogatories, and other documents related to CRG provided sufficient information to sustain the superior court's conclusion that substantial evidence supported the City Council's denials.

## A.    Deciding the Issue of Causation

¶11        To prevail in a legal malpractice action, the plaintiff must show causation: that "but for the alleged negligence of the attorney," the harm would not have occurred.  *Molever v. Roush*, 152 Ariz. 367, 374 (App. 1986) (quotation and citation omitted).  CRG argues the superior court erred in granting summary judgment to Fennemore because causation should be decided by a jury.  Causation is generally a question of fact for the jury.  *Id*.  In legal malpractice cases, however, causation is a question of law for the judge when a "legal decision of the original trial judge disposed of the original claim."  *Id*.  Ultimately, in a legal malpractice case issues of fact in the underlying action are resolved by a jury or judge as the fact-finder, but issues of law are resolved by the court.  *Id*.

¶12        Here, to prove causation CRG bore the burden of showing that if Fennemore had timely filed the petition for judicial review in the Nevada district court, the petition would have been granted.  *Phillips*, 152 Ariz. at 418; *Molever*, 152 Ariz. at 374.  Under Nevada law, the district court's function in reviewing a municipality's decision is purely legal:

> The [district] court had before it the same evidence as the board. Its function was not to conduct a trial de novo, but only to ascertain *as a matter of law* if there was any substantial evidence before the board which would sustain the board's action.

*Nova Horizon, Inc. v. City Council of Reno*, 105 Nev. 92, 94 (1989) (emphasis added) (quoting *McKenzie v. Shelly*, 77 Nev. 237, 241–42 (1961), and applying this standard in considering the propriety of a city council's denial of a special use permit).

¶13　　　CRG argues the district court's resolution of the underlying petition for review was not purely a legal determination because it would have involved mixed questions of law and fact. Specifically, CRG contends the district court would have decided whether to take additional evidence and reviewed facts regarding the City Council's treatment of CRG compared to other applicants. Judicial review of an administrative decision by a *state* agency permits taking such additional evidence in limited circumstances. *See* Nev. Rev. Stat. § 233B.135(1). But judicial review of a *municipal* decision by a city council is "limited to a review of the record of information presented to the city council," with no extraneous evidence. *See Urban Renewal Agency of Reno v. Iacometti*, 79 Nev. 113, 118 (1963); *see also City Council of Reno v. Travelers Hotel, Ltd*., 100 Nev. 436, 439–40 (1984). Although CRG urges us to consider its expert witness's opinion that the district court can take additional evidence in considering a petition for judicial review, we decline to presume that could have been done here, especially in light of the authorities cited above. Moreover, CRG has not cited any Nevada authority suggesting additional fact-finding is permitted when reviewing municipal decisions.

¶14　　　Relying on *Phillips*, 152 at Ariz. 415, CRG contends that because this case involves "trial-level malpractice" and not "appellate level malpractice," causation is a factual question for the jury. In *Phillips*, an attorney failed to timely request a hearing before an administrative law judge ("ALJ"), resulting in the denial of his client's application for social security benefits. *Id*. at 417. In the malpractice action that followed, the superior court granted summary judgment to the defendant attorney, finding no disputed issue of material fact. *Id*. at 418. On appeal, this court distinguished between trial-level and appellate-level legal malpractice. *Id*. at 421. We explained that in trial-level malpractice, the attorney's negligence either fell below the standard of professional care in presenting a case or precluded trial; if the underlying case would have been tried to a jury or judge as the fact finder, the jury in the legal malpractice case should

decide disputed factual issues. *Id.* In appellate-level malpractice, however, an attorney generally fails to timely appeal; in these cases, the plaintiff in a legal malpractice case must prove they would have been successful on appeal. *Id.* We explained that "[r]esolving legal issues on appeal is reserved for the exclusive province of judges." *Id.* Thus, in appellate-level malpractice cases, if causation depends on a possible appellate outcome, the trial judge resolves the issue as a question of law. *Id.*

¶15 Applying the law to the facts in *Phillips*, we concluded that even though the underlying proceeding involved an administrative appeal from a social security examiner's ruling to an ALJ, the attorney's malpractice involved trial-level malpractice. *Id.* at 422. Had the hearing request been timely filed, the ALJ would have been sitting as a fact finder and would have made factual determinations to decide whether the plaintiff was entitled to disability benefits. *Id.* Because the jury decides factual issues in a legal malpractice case, we reversed the trial court's entry of summary judgment. *Id.* at 421–22.

¶16 CRG argues this case involves trial-level malpractice, just as *Phillips*, because the underlying lawsuit flows from the failure to seek judicial review of a decision by a non-judicial body. Unlike *Phillips*, the Nevada district court would not have made any factual determinations in considering CRG's petition for judicial review. The court's review would have been confined to the record before the City Council, with the sole task of deciding whether substantial evidence supported the denials of the special use permits. *Iacometti*, 79 Nev. at 118. Because that question would have been resolved as a matter of law, the alleged negligence here falls on the appellate-level malpractice side of the continuum, which is reserved for the exclusive province of judges. *Phillips*, 152 Ariz. at 421.

¶17 Finally, CRG urges us to reconsider the exceptions in *Molever* and *Phillips*, contending that causation should always be a jury question when the parties have identified genuine issues of material fact. However, neither of those cases deprives a litigant of a jury's determination of causation when there are genuine issues of material fact, and the question of causation here—whether the petition for review would have been granted if timely filed—is not a factual inquiry. Because the underlying issue was purely a legal determination, the superior court did not err in deciding causation as a matter of law.

### B. Substantial Evidence

¶18 CRG argues the City Council's denials of its applications for special use permits are not supported by substantial evidence. The record shows otherwise.

¶19 Under the Las Vegas Municipal Code ("LVMC") in effect when CRG submitted its applications, "[t]he cultivation, distribution, production and sale of marijuana is not a matter of right but of privilege, which would otherwise be unlawful" under local land use regulations. LVMC 6.95.010(B). Such privileges require special use permits. LVMC 6.95.060, .080. The grant or denial of a special use permit is a discretionary act by a municipality under Nevada law. *See City of Henderson v. Henderson Auto Wrecking, Inc.*, 77 Nev. 118, 122 (1961). "Discretionary acts are those which require the exercise of personal deliberation, decision and judgment." *Travelers Hotel, Ltd. v. City of Reno*, 103 Nev. 343, 345–46 (1987). If a city council makes a discretionary decision supported by substantial evidence, no abuse of discretion occurs. *Henderson*, 77 Nev. at 122; *see McKenzie*, 77 Nev. at 242 (explaining the board's action is "clothed with the presumption of validity"). Substantial evidence is that which "a reasonable mind might accept as adequate to support a conclusion." *Stratosphere Gaming Corp. v. City of Las Vegas*, 120 Nev. 523, 528 (2004) (citations and quotations omitted).

¶20 Our review of the record shows substantial evidence supported the City Council's denials of the three special use permit applications. That evidence included the City Council's opinion concerning CRG's lack of requisite experience and professionalism, various missing attachments and documents, inconsistent square footage information, and concerns over an anomalous tabling of the production application when the corresponding dispensary and cultivation applications were denied.

¶21 CRG makes various arguments disputing the City Council's finding that its applications were incomplete. However, CRG failed to provide the superior court with a full record of what the City Council considered, including complete copies of its special use permit applications. *See supra* ¶ 10. Thus, we cannot conclude the City Council's finding lacks substantial supporting evidence when the record before us does not include all the documentation the City Council presumably considered in reaching those decisions.

¶22 In addition, the record shows City staff noted at least one of the applications was incomplete and because the budget was not submitted,

staff could not determine capitalization of the proposed business. Even assuming the City Council erred in finding CRG's applications incomplete, the other cited deficiencies support the denials under Nevada's substantial evidence test. *Stratosphere*, 120 Nev. at 528. The threshold for what constitutes the requisite "substantial evidence" to sustain the denials is low; only when there is *no* evidence to support the city council's actions is it appropriate to find an abuse of discretion. *Henderson*, 77 Nev. at 122; *see City Council of Reno v. Irvine*, 102 Nev. 277, 280 (1986) (defining substantial evidence as "an apparent absence of any grounds or reasons for the decision").

¶23 Next, CRG challenges the City Council's findings that its members lacked the requisite experience. Although staff for the zoning commission recommended approval and noted CRG's owners had demonstrated "business experience and knowledge in cultivating medical marijuana and the needed education to manage such a facility," the record also supports the City Council's findings that some of CRG's members worked in non-medical marijuana capacities. And a staff recommendation is not binding on a city council. *Cf. Henderson*, 77 Nev. at 122 (recognizing that a planning board's recommended approval of permit "was not binding upon the council in the exercise of the city council's discretion").

¶24 Moreover, under Nevada law, "just because there was conflicting evidence does not compel interference with the Board's decision so long as the decision was supported by substantial evidence. It is not the place of the court to substitute its judgment for that of the Board as to the weight of the evidence." *Clark Cnty. Liquor & Gaming Licensing Bd. v. Simon & Tucker, Inc.*, 106 Nev. 96, 98 (1990) (citations omitted). Even if the City Council approved other applicants lacking demonstrable medical-marijuana business experience, that factor alone does not negate the other cited substantial factors supporting the denials. And to the extent CRG challenges the superior court's finding that CRG waived or failed to raise a claim with the City Council that it received disparate treatment, we do not address this argument because our conclusion that substantial evidence supports the City Council's denials resolves this appeal.

¶25 Finally, CRG argues the superior court erred in making credibility determinations regarding expert witnesses and the City Council members' statements. That argument fails because the only relevant inquiry on appeal is whether substantial evidence supported the City Council's denials.

**¶26** In sum, when a malpractice action turns on an attorney's failure to timely pursue an appeal, summary judgment is proper if the plaintiff cannot prove they would have been successful if the appeal had been timely filed. *See Molever*, 152 Ariz. at 371. Because substantial evidence supported the City Council's denials here, and the district court would have affirmed those denials, CRG cannot prove causation. *Id.*

## CONCLUSION

**¶27** We affirm the superior court's judgment and award taxable costs to Fennemore upon compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED: AA