SPECTOR, Judge.
Appellant seeks review of a final judgment rendered in favor of appellee, which was defendant below, in an .action tried before a jury whereby he sought to recover damages for injuries he sustained during the course of his employment under the Federal Employers Liability Act.
Mr. Moore was a switchman and yard conductor in charge of a switch crew at the time of the accident from which his injuries arose. He and a group of fellow employees were in the process of clearing debris resulting from a derailment when a door to a railroad freight car, which was being loaded by hand into a boxcar, fell and severely injured him.
Appellant filed his complaint charging, inter alia, that the defendant was negligent in failing to furnish him with a safe place to work; the failure to supply necessary tools and equipment; and failure to supply a reasonable number of coemployees and assistants. Following settlement of the pleadings, trial was had which resulted in a jury verdict for defendant.
Three issues are raised by appellant for reversal. Only one has merit. The other two, failure to grant plaintiff’s motion for directed verdict at the conclusion of all evidence and refusing to give plaintiff’s requested instruction to the jury on the doctrine of res ipsa loquitur, are without merit as relates to the facts of this case.
The remaining point raised was the trial court’s deletion from the jury instruction on the liability features of the case all references to the defendant’s duty to furnish and have available adequate equipment and appliances to do the work assigned to plaintiff and his fellow workers. Such deletion was done over objections of the plaintiff and was error.
The evidence adduced at the trial indicated that boxcar doors were generally picked up and loaded by use of a derrick. A witness testified that in his long experience as a wrecker crewman he had never been called upon to load a door manually; that the normal procedure was to load a torn-off door by use of a derrick specially equipped with cables for safety.
By this and related evidence, appellant established the predicate for his request for inclusion in the instruction on liability a charge which informed the jury that, in addition to providing the plaintiff with a safe place to work and a reasonable number of employees to do the work, the defendant owed plaintiff a duty to provide adequate equipment and appliances with which to do the job assigned.
In the recent case of Foerman v. Seaboard Coast Line Railroad Company, 279 So.2d 825 (Fla.1973), the court held that a railroad owed the duty to furnish reasonably safe tools, instruments and equipment and that failure to do so rendered it liable to an employee under the federal act.
*658 The jury should have had the benefit of the plaintiffs theory of liability based on failure to provide adequate equipment and appliances, and failure to so instruct the jury was reversible error requiring- a new trial.
Reversed.
BOYER and McCORD, JJ., concur.