INVESTMENT SERVICE CO., an Oregon Corporation, Plaintiff-Appellee,

v.

ALLIED EQUITIES CORPORATION, a Nevada Corporation, Defendant-Appellant.

No. 73–3533.

United States Court of Appeals, Ninth Circuit.

July 18, 1975.

Michael J. Esler (argued), Portland, Or., for defendant-appellant.

Richard M. Botteri (argued), Portland, Or., for plaintiff-appellee.

## OPINION

Before WRIGHT and WALLACE, Circuit Judges, and WILLIAMS,* District Judge.

DAVID W. WILLIAMS, District Judge:

This is a diversity action to recover $250,000 and interest from the guarantor of a loan. The loan was taken out by Gem Building Components, Ltd., and following Gem's default on the note, the appellee, assignee of the note, filed suit against the appellant, guarantor. The note was dated November 30, 1970 and carried interest at 8% until April 3rd, 1972 and 10% thereafter "until paid." [1] Appellant pled an affirmative defense to the claim, alleging that the guarantee was void by reason of appellee's failure to advise appellant of facts known by appellee and not known by appellant concerning Gem's adverse financial condition when the guarantees were made.

At trial the parties stipulated that the jury could assume that plaintiff (appellee) had made out a prima facie case and could then go on to consider defendant's (appellant's) affirmative defense.

The parties have agreed that Oregon law governs in this case and that Oregon law defers to the Restatement of the Law of Security, Section 124(1) of which provides:

"Where before the surety has undertaken his obligation, the creditor knows facts unknown to the surety that materially increase the risk beyond that which the creditor has reason to believe the surety intends to assume, and the creditor also has reason to believe that these facts are unknown to the surety and has a reasonable opportunity to communicate them to the surety, failure of the creditor to notify the surety of such facts is a defense to the surety."

Special interrogatories were submitted to the jury and it returned the following answers:

1. Did the United States National Bank of Oregon have knowledge of facts concerning the financial condition of Gem Building Components, Ltd., which were unknown to Allied Equities on:

November 17, 1970 Yes X    No

January 27, 1971    Yes X    No

if both answers above are "no" then you may stop.

2. If Allied was not aware of all the facts concerning the condition of Gem which were known to the Bank, did it fail to exercise reasonable care in discovery of those facts on or before:

November 17, 1970 Yes X    No

January 27, 1971    Yes X    No

3. Would knowledge of such facts, if any, of Gem's financial condition have materially increased the risk of Gem's not paying its notes guaranteed by the defendant to the Bank beyond that which Allied Equities would have been willing to assume if it had had knowledge of any such facts?

Yes X    No

If the answer above is "no" then you may stop.

4. Did the Bank have reason to believe that Allied Equities would not have been willing to increase its guarantee of Gem's notes if it had been aware of the facts, if any, which were known to the Bank?

Yes    No X

If the answer above is "no" then you may stop.

The trial judge thereupon entered judgment in favor of appellee in the sum of $250,000 "plus interest as provided in

---

* The Honorable David W. Williams, United States District Judge for the Central District of California, sitting by designation.

1. This provision becomes of importance in a later discussion of one issue on appeal.

said note accrued thereon to October 2, 1973 in the amount of $44,250.08, plus interest continuing to accrue from October 2, 1973 at 10 percent per annum as provided in said note, at the per diem rate of $68.49" together with costs and attorneys' fees. In effect, this judgment calls for interest to continue accruing at the rate of 10% from the date of the judgment until the debt is paid.

Appellant contends on appeal that the jury finding on Special Interrogatory No. 4 was in error and that such error was invited by the failure of the trial judge to instruct that the proper standard to be applied in determining whether plaintiff had reason to believe that defendant would have been unwilling to guarantee Gem's note was that of a reasonably prudent man in the position of plaintiff. It is conceded that no instruction was given which included the term "reasonably prudent man."

At trial the defendant requested that the following instruction be read to the jury:

Defendant's Instruction No. 4.

"You are instructed that the Bank as creditor would have reason to believe that certain facts would materially increase the risk beyond which the surety intends to assume if, from consideration of all the evidence, you find that a reasonable prudent person in the position of the bank, knowing the specific facts that the bank did know, would believe that those facts materially increased the risk intended to be assumed by Allied Equities Corporation."

After completing reading his instructions, the judge caused the jury to be removed from the courtroom and invited counsel to register any objection either had to the instructions given. The following colloquy took place between the court and defendant's counsel:

Mr. Harper: * * * We would object to the Court's failure to give Defendant's Requested Instruction No. 4 as to the definition of what would have been—would have given the bank reasonable cause to believe.

The Court: Well, I had originally intended to give No. 4, but it's such gobbledygook, that these poor people would have been even worse off than they are now.

Mr. Harper: I have no further—

The Court: I'll read this to you, see if somebody in this room can understand what it says. (The Court then read defendant's Instruction No. 4 as quoted above). That's all one sentence. Does anybody in this room know what that means? I don't. So that's why I didn't give it.

The Court didn't reject instructing as to the test urged by defendant. He called attention to what he felt was confusing wording, and invited counsel to offer changes that would be more instructive. Defendant, whose interest would be served by a "plain language" instruction, failed to suggest an amendment to the challenged one or to register any ground of objection to the judge's reason for not delivering the one offered.

Rule 51 F.R.Civ.P. provides in part: —"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, *stating distinctly the matter to which he objects and the grounds of his objection.*" (Emphasis added).

The purpose of this rule is to enable the trial judge to avoid error by affording him an opportunity to correct statements and avoid omissions in his charge before the cause has been decided by the jury. *Swiderski v. Moodenbaugh,* 143 F.2d 212 (9th Cir. 1944); *Sears v. Southern Pacific Co.,* 313 F.2d 498, 505 (9th Cir. 1963). The objection need not be formal, but the rule is satisfied only if it is clear that the judge was made aware of the error in or omission from the instructions. "In fairness to the trial court and to the parties, objections to a charge must be sufficiently specific to bring into focus the precise nature of the alleged error. Where a party might have obtained the correct charge by spe-

cifically calling the attention of the trial court to the error and where part of the charge was correct, he may not through a general exception obtain a new trial." *Palmer v. Hoffman,* 318 U.S. 109, 119, 63 S.Ct. 477, 483, 87 L.Ed. 645 (1943).

The judge instructed the jury:

"I instruct you that the bank was not required to investigate Gem's financial condition for Allied's benefit, nor was the bank required to take any unusual steps to assure itself that Allied was acquainted with facts *that it may have reasonably assumed were known to both the bank and Allied.*" (Emphasis added).

We find that the instruction and Interrogatory No. 4 both ask, in language easier to understand than the rejected instruction, what the bank had reason to believe, not what it actually knew.

It has been held that the specifications of errors dealing with the giving of or failure to give instructions will not be considered unless the party objects in the manner provided by the rule. *Delancey v. Motichek Towing Service, Inc.,* 427 F.2d 897, 900 (5th Cir. 1970). The objection must be sufficiently specific to bring into focus the precise nature of the alleged error. *Palmer v. Hoffman, supra.* A general objection presents nothing for review, *Lumbermen's Mut. Cas. Co. v. Hutchins,* 188 F.2d 214 (5th Cir. 1951). If the instruction as given sufficiently covers the case so that a jury can intelligently determine the questions presented, the judgment will not be disturbed because further amplification is refused. *United States v. Bayer,* 331 U.S. 532, 67 S.Ct. 1394, 91 L.Ed. 1654 (1947). The Court need not use the precise words of an offered instruction and an instruction is sufficient if it correctly states the principle of law. *Gray v. Shell Oil Co.,* 469 F.2d 742, cert. den., 412 U.S. 943, 93 S.Ct. 2773, 37 L.Ed.2d 403 (9th Cir. 1972).

### POST–JUDGMENT INTEREST

The due date on the note was misstated in the pretrial order and appellant seeks to hold appellee to this incorrect date in the computation of accrued interest. Usually the pretrial conference order supersedes the pleadings, but this Court said in *Bowles v. Wheeler,* 152 F.2d 34, 42 (9th Cir. 1945), that a pretrial conference order should be modified to conform to evidence admitted without objection and here the parties stipulated to the existence and terms of the note. In the instant case the judgment reflected the correct due date, and the trial judge properly denied appellant's motion to amend the judgment to conform to the incorrect date.

Appellant cites as error the ruling of the trial court that post-judgment interest shall accrue at the rate of 10% per annum until the debt is paid. Allied takes the position that appellee is entitled only to the legal rate of interest on the judgment.

It is true that the contractual duty here is discharged by merger once the judgment is entered on the note. Restatement of Contracts, § 444. However, upon entry of the judgment the legal rate of interest applicable should apply unless the parties have agreed in the note that some other rate of interest shall apply. Corbin on Contracts, § 1045 (1962). Further, Oregon Revised Statute 82.010 states:

"Legal rate of interest. (1) The legal rate of interest is six percent per annum and is payable on:

.    .    .    .    .

(b) Judgments and decrees for payment of money from the date of the entry thereof unless some other date is specified therein, *except that those upon contracts bearing more than six percent interest* and not exceeding the maximum rate, bear the same rate of interest as borne by such contracts. (emphasis added)

Since both parties have stipulated that Oregon law shall apply, this court is bound to follow the Oregon section. Therefore, it was not error for the trial judge to adopt the agreed upon 10% rate

in the note as a measure of damages after a breach by nonperformance.

Affirmed.