**Kenneth L. RAGSDELL,**
**Plaintiff-Appellant,**

v.

**The SOUTHERN PACIFIC TRANSPORTATION COMPANY, a corporation,**
**Defendant-Appellee.**

**No. 81–5295.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 7, 1982.

Decided Sept. 28, 1982.

Daniel Fogel, Fogel, Julber, Rothschild & Feldman, Los Angeles, Cal., for plaintiff-appellant.

David L. Beaugureau, McLoone, Theobald & Galbut, Phoenix, Ariz., for defendant-appellee.

Before GOODWIN, WALLACE and PREGERSON, Circuit Judges.

PER CURIAM.

Ragsdell sued under the Federal Employers' Liability Act (FELA) (45 U.S.C. § 51, et seq.) and the Safety Appliance Act (45 U.S.C. §§ 1–16) for injuries to his knee suffered in a fall from a side ladder on a box car he was descending after setting a brake on top of the car. He appeals from the judgment entered after a jury verdict against him, claiming that the district court erred in refusing to give his requested jury instructions on Southern Pacific's duty under the FELA to provide him a safe place to work.

Jury instructions, viewed as a whole, should adequately instruct a jury on each element of a case. *United States v. Garcia-Rodriquez,* 558 F.2d 956, 965 (9th Cir. 1977), *cert. denied,* 434 U.S. 1050, 98 S.Ct. 900, 54 L.Ed.2d 802 (1978). Instructions need not be faultless, but they must insure that a jury understand the issues in a case and not be misled in any way. *Van Cleef v. Aeroflex Corp.,* 657 F.2d 1094, 1099 (9th Cir. 1981). If the instructions given allow a jury to determine intelligently the

questions presented, a judgment will not be disturbed simply because further amplification was refused. *Investment Service Co. v. Allied Equities Corp.,* 519 F.2d 508, 511 (9th Cir. 1975).

▮ Although a railroad's duty to use reasonable care in furnishing employees a safe place to work is not stated explicitly in the statute, it has become an integral part of the FELA. *Bailey v. Central Vermont Ry.,* 319 U.S. 350, 352–53, 63 S.Ct. 1062, 1063–64, 87 L.Ed. 1444 (1943). Under the FELA, that duty becomes "more imperative" as the risk to an employee increases. The duty is a "continuing one" and requires a jury to weigh a myriad of factors—including the nature of a task, its hazards and efforts—in determining whether an employer furnished an employee with a reasonably safe place to work. *Id.* This continuous duty to provide a safe place to work is broader than the general duty to use reasonable care. Other courts in FELA actions have held that failure to instruct a jury regarding an employer's duty to provide a reasonably safe place to work is reversible error. *See Moore v. Seaboard Coast Line Railroad,* 291 So.2d 656 (Fla. D.C. App. D1), *cert. denied,* 306 So.2d 121 (Fla. 1974); *Holweger v. Great Northern Railway,* 130 N.W.2d 354, 269 Minn. 83 (1964). We agree that when the issue is properly raised and an instruction is requested, the FELA requires jury instructions on the duty to provide a reasonably safe place to work. The district court's instructions should have included the substance of the requested instruction regarding Southern Pacific's duty to its employee Ragsdell.

▮ In fairness to the experienced trial judge, he may have thought that the point had been covered. The actual instruction requested was not much help. It was argumentative, too long and too repetitious to be given as written, but when the point was called to the court's attention, the substance of the instruction could have been stated in a few words. Something on the order of the following ordinarily serves the purpose:

An employer such as Southern Pacific has a continuous duty to exercise ordinary care under the circumstances to provide its employees with a reasonably safe place to work and with reasonably safe and suitable tools, machinery and appliances with which to work. In the absence of knowledge or notice to the contrary, an employee may rely on the assumption that the employer has exercised such care.

Because the error in the instruction goes only to the FELA claim and does not affect the Safety Appliance Act claim, the judgment is reversed only as to the FELA claim.

Affirmed in part, reversed in part and remanded.

WALLACE, Circuit Judge, concurring:

I concur in the opinion except that I express no view on the appropriateness of the suggested jury instruction. It was not before the district court and not briefed or argued by the parties before us.