674

Stephen T. TOBIN, Plaintiff,

v.

The NATIONAL RAILROAD PASSEN-
GER CORPORATION, d/b/a
Amtrak, Defendant.

Civ. A. No. 87–0447–C.

United States District Court,
D. Massachusetts.

Jan. 12, 1988.

Arthur N. Cole, Peter M.J. Reilly, Bos-
ton, Mass., for plaintiff.

Michael A. Fitzhugh, Stephen G. Dou-
cette, Fitzhugh & Associates, Boston,
Mass., Lawrence M. Slotnick, for defend-
ant.

Jeffrey A. Fishman, Law Offices of John
J. Carlino, Boston, Mass., John B. Harkavy,
for Hotel Brunswick.

## MEMORANDUM

CAFFREY, Senior District Judge.

This is an action brought pursuant to the
Federal Employers' Liability Act
("FELA"), 45 U.S.C. § 51 *et seq.* for inju-
ries allegedly sustained by the plaintiff
while attending a conference given by the
defendant. The matter is now before the
Court on the defendant's motion for sum-
mary judgment.

The facts, for the purposes of this mo-
tion, are as follows. The plaintiff, an em-
ployee of the defendant, was attending a
conference being held by Amtrak in the
Brunswick Motor Inn. In the evening of
the conference's second day, the plaintiff
left his room to get a cup of coffee. He
proceeded down an escalator into the hotel
lobby area, and walked straight about 25
feet. Seeing what he thought might be a
coffee shop out of the corner of his eye, the
plaintiff turned suddenly to his right and
walked into a glass wall or door. The
plaintiff claims he hit his head on the glass,
and fell to his knees, momentarily stunned.
After regaining his senses, the plaintiff
proceeded to the hotel bar, had a drink, and
then returned to his room. The plaintiff
alleges that he suffered a concussion, and
still suffers from that injury. The plaintiff
claims that Amtrak and the hotel were
negligent in maintaining and inspecting the
hotel premises.

Under the FELA, the defendant is
obligated to provide a safe place to work.
*Padgett v. Southern Ry. Co.*, 396 F.2d 303
(6th Cir.1968). As a result of this duty, the

defendant may be liable for injuries to an employee caused by the negligent acts of its own employees or, in some cases, the negligent acts of a third party. *See Sinkler v. Missouri Pacific R.R. Co.*, 356 U.S. 326, 78 S.Ct. 758, 2 L.Ed.2d 799 (1958) (railway liable for the negligence of another railroad's employees); *Carney v. Pittsburgh & Lake Erie R.R. Co.*, 316 F.2d 277 (3d Cir.), *cert. denied* 375 U.S. 814, 84 S.Ct. 45, 11 L.Ed.2d 49 (1963) (railroad held liable for injuries sustained by employee as a result of the negligence of Y.M.C.A. where employee was staying). In either case, however, the defendant is not obligated to eliminate all risks in the workplace; it is only obligated to eliminate unreasonable risks. *See Ragsdell v. Southern Pac. Transportation Co.*, 688 F.2d 1281 (9th Cir.1982) (employer obligated to provide reasonably safe place to work). The defendant contends, though, that the plaintiff has failed to provide any evidence that would allow a jury to infer that either the hotel or Amtrak was negligent in providing a reasonably safe place to work. Therefore, the defendant argues, the plaintiff has failed to show that there is a genuine issue of material fact.

This Court agrees with the defendant that the plaintiff has failed to establish a genuine issue of material fact. Under Fed. R.Civ.P. 56(c), the plaintiff must make a showing sufficient to establish the existence of each element that is essential to his case and on which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986). To avoid summary judgment on an issue, the opposing party may not rest on the mere allegations or denials of his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The plaintiff must present sufficient evidence supporting the claimed factual dispute so as to require a judge or jury to resolve the parties' differing versions of the truth at trial. *Id.*

In this case, the plaintiff alleges that the defendant negligently failed to inspect the hotel for hazards. To support this essential element, the plaintiff is required to provide some evidence that would allow a jury to infer the glass presented a hazard that a reasonable person would have corrected. Thus, the plaintiff must provide some evidence relating to the condition of the glass or the immediate area. The plaintiff has, however, provided no such evidence. The plaintiff's only evidence relating to the glass is that he walked into it. The plaintiff himself did not observe the glass or the immediate area either before or after the accident. The plaintiff has produced no witnesses who would testify about the condition of the area or about the occurrence of the accident. In essence, the plaintiff would ask a jury to infer that the glass presented an unreasonable risk from the mere fact that he collided with it. Such an inference is not reasonable. The plaintiff's evidence is wholly inadequate to show there is a genuine issue of material fact. Therefore, the defendant's motion for summary judgment should be granted.

Order accordingly.