107 F.3d 870
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James HAYDEN, Plaintiff-Appellant,
v.
CONSOLIDATED RAIL CORPORATION, Defendant-Appellee.
 No. 95-3558.
 United States Court of Appeals, Sixth Circuit.
 Feb. 27, 1997.
 
 Before: BOGGS and MOORE, Circuit Judges, and HILLMAN, District Judge.*
 OPINION
 MOORE, Circuit Judge.
 
 
 1
 Plaintiff-Appellant James Hayden appeals the district court's order granting summary judgment to Defendant-Appellee Consolidated Rail Corporation ("Conrail"). The district court granted summary judgment on the ground that the alleged injuries were workplace stress injuries that are not cognizable under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51-60, pursuant to the Supreme Court's decision in Consolidated Rail Corp. v. Gottshall, 114 S.Ct. 2396 (1994). For the reasons stated below, we reverse the district court's order granting summary judgment and remand the case to the district court.
 
 I. BACKGROUND
 
 2
 Hayden began working as a conductor for Conrail in 1963. In 1973, Hayden had a heart attack and was off work for six months. Hayden notified Conrail about the heart attack, and Conrail's doctor authorized Hayden to return to work. In 1975, Hayden suffered a second heart attack or cardiac problem, and again was off work for about six months. Between 1975 and 1992, Hayden was not treated for cardiac problems, and had no restrictions placed on his activities. In 1989, Conrail requested that Hayden have an annual physical examination, but Hayden alleges that Conrail negligently failed to require him to undergo such examinations.
 
 
 3
 At some point after 1983, Hayden was placed on the "conductor's extra list," a pool of conductors who may be called for work assignments in a rotating order. Conrail called Hayden more often than other conductors because he was experienced and did not make excuses to avoid working. On June 23, 1992, after a vacation, Hayden returned to work. On June 24, 1992, while off-duty, Hayden had a third heart attack.
 
 
 4
 Hayden sued Conrail pursuant to the FELA, alleging that Conrail negligently caused his heart attack by requiring him to work an "inordinate and excessive" number of hours. The district court granted Conrail's motion for summary judgment, finding that the gravamen of Hayden's complaint was overwork, and that Hayden's complaint thus was foreclosed by the Supreme Court's decision in Gottshall. Hayden appealed the district court's decision to this court.
 
 II. THE FELA IN GENERAL
 
 5
 We review the district court's decision granting summary judgment de novo, using the same standards as applied by the district court. Middleton v. Reynolds Metals Co., 963 F.2d 881, 882 (6th Cir.1992). Summary judgment is proper if the evidence submitted shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. City Management Corp. v. U.S. Chemical Co., 43 F.3d 244, 250 (6th Cir.1994). We consider all facts and inferences drawn therefrom in the light most favorable to the non-moving party. Id.
 
 
 6
 The FELA, in 45 U.S.C. § 51, provides that:
 
 
 7
 Every common carrier by railroad ... shall be liable in damages to any person suffering injury while he is employed by such carrier in [interstate] commerce ... for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.
 
 
 8
 To recover damages pursuant to the FELA, a plaintiff must show that he was injured while in the scope of his employment; that his employment was in furtherance of his employer's interstate business; that his employer was negligent; and that the employer's negligence played some part in causing the injury for which he seeks compensation. Green v. River Terminal Ry, 763 F.2d 805, 808 (6th Cir.1985). Liability may be imposed only if the harm was reasonably foreseeable by the employer. Id. However, the FELA is to be "liberally construed in favor of the injured plaintiff," and the courts' power to direct verdicts is limited. Id. at 806. Under the FELA, "the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence played any part, even the slightest, in producing the injury or death for which damages are sought." Rogers v. Missouri Pacific R.R., 352 U.S. 500, 506 (1957).
 
 
 9
 FELA employers have a duty to use reasonable care to furnish their employees with a safe place to work. Ragsdell v. Southern Pacific Transp. Co., 688 F.2d 1281, 1283 (9th Cir.1982). Employers also may be negligent if they assign employees tasks that are beyond their physical capacities. Fletcher v. Union Pacific R.R., 621 F.2d 902, 908-09 (8th Cir.1980), cert. denied, 449 U.S. 1110 (1981). Injuries may be compensable under the FELA even if they are caused by the cumulative effect of a series of incidents. Id. at 909.
 
 III. HEART ATTACK CLAIMS UNDER THE FELA
 
 10
 In a companion case, Szymanski v. Columbia Transportation Co., No. 95-3205, we have explained in a published opinion our analysis of heart attack claims under the FELA (and also the Jones Act). See Szymanski slip opinion at part III. Our reasoning in Szymanski applies equally here.
 
 
 11
 Our survey of the caselaw indicates that physical injuries, such as heart attacks, are compensable under the FELA when they are negligently caused by physical stress or by extraordinary non-physical stress. Heart attacks caused by ordinary non-physical workplace stress are not compensable, because such plaintiffs will be unable to prove that their employers were negligent in providing a workplace with ordinary workplace stress. An employer breaches no duty by failing to prevent ordinary workplace stress. To hold an employer liable for the results of ordinary workplace stress would surely make that employer an insurer of its employees' health, a result that we do not believe Congress would intend and that we do not suggest.
 
 
 12
 In this case, however, the district court erred in believing that Gottshall precludes the possibility of recovery for a heart attack negligently caused by physical stress or extraordinary non-physical stress. Upon remand, the district court should analyze whether summary judgment is appropriate on Hayden's claim using this standard, i.e., the district court should determine whether Hayden can show a genuine issue that his heart attack at least in part was negligently caused by physical conditions in the workplace or by extraordinary workplace stress. Hayden's complaint asserts that Conrail, which knew of his medical history, assigned him to work excessive hours in spite of his cardiac problems. The district court must determine whether there is a genuine issue that Conrail negligently subjected Hayden to extraordinary workplace stress, or whether the stress complained of by Hayden was within the realm of ordinary workplace stress and hence not compensable under the FELA.
 
 IV. CONCLUSION
 
 13
 Because the district court analyzed Hayden's claims using an improper legal standard, we REVERSE the district court's order granting summary judgment to Conrail, and REMAND the case to the district court for further proceedings in accordance with this opinion.
 
 
 14
 BOGGS, Circuit Judge, dissenting.
 
 
 15
 For the reasons I have stated in my separate opinion in Szymanski v. Columbia Transportation Co., No. 95-3205, 1997 FED App. 0063P (6th Cir. Feb. 19, 1997), I would also affirm the district court in this case. In Hayden's case, his only complaint is explicitly the number of hours that he had worked, a quintessential case of "too much work." Again, this distinguishes this situation from a case such as Voytko v. Conrail, 1996 WL 452934, * 1 (6th Cir. Aug. 8, 1996) (unpublished), where even though the ultimate injury may have been emotionally related, the conditions involved were physical and extreme.
 
 
 16
 Finally, I would affirm the district court in this case for the additional reason that on this record, Hayden cannot prove negligence. He was completely in control of his work situation. He could have rearranged his schedule or taken another job, but he then would have earned less money (JA 11-12). In light of Gotthall and Carlisle, I do not see how it is possible for a worker to undertake willingly a job that is acceptable under the union labor agreement, when he need not do so in order to retain his employment, and then complain that the quantity of work has given him a heart attack.
 
 
 17
 The additional claim of negligence based on the company's failure to administer an annual physical exam, after telling him that they would do so, is insufficient under the conditions of this case when there is no indication that Hayden ever asked for the exam, nor that he forewent any other treatment in reliance upon the Conrail statement. In fact, Hayden had continued to visit his own doctor, and that doctor did not detect any problems or suggest any treatment that would have prevented the heart attack.
 
 
 18
 I therefore respectfully dissent.
 
 
 
 *
 The Honorable Douglas W. Hillman, United States District Judge for the Western District of Michigan, sitting by designation