**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DON ANTOINE, | No. 09-15983 |
| Plaintiff - Appellant, | D.C. No. 2:06-cv-01349-WBS-GGH |
| v. | |
| COUNTY OF SACRAMENTO; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

| | |
|---|---|
| DON ANTOINE, | No. 09-16085 |
| Plaintiff - Appellee, | D.C. No. 2:06-cv-01349-WBS-GGH |
| v. | |
| COUNTY OF SACRAMENTO; et al., | |
| Defendants - Appellants. | |

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, District Judge, Presiding

Argued and Submitted October 7, 2010
San Francisco, California

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before: REINHARDT and BERZON, Circuit Judges, and POLLAK, Senior District Judge.**

**1.** Even if the court's response to the jury's question or the omission of a nominal damages instruction was in error, which we do not decide, "'it is more probable than not that the jury would have reached the same verdict' had it been properly instructed." *Galdamez v. Potter*, 415 F.3d 1015, 1025 (9th Cir. 2005) (quoting *Obrey v. Johnson*, 400 F.3d 691, 701 (9th Cir. 2005)); *see* Fed. R. Civ. P. 61. No instruction or evidence would have led the jury to assume that $20,000 was an appropriate award of nominal damages for the abstract violation of a constitutional right.[1] Moreover, Antoine's lawyer in closing argument pointed to medical injury, pain and suffering, humiliation and ongoing trauma as the basis for granting compensatory damages, while emphasizing the importance of the constitutional right as a reason for granting punitive damages. Under that

---

** The Honorable Louis H. Pollak, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

[1] Unlike in *Memphis Community School District v. Stachura*, 477 U.S. 299 (1986), the authority relied upon by the district court here, the district court gave no instruction to the jury to "consider the importance of the right in our system of government, the role which this right has played in the history of our republic, [and] the significance of the right in the context of the activities which the Plaintiff was engaged in at the time of the violation of the right," nor any other formulation that invited the jury to place a monetary value on the abstract deprivation of the right. *Id.* at 303.

2

argument, the evidence presented by Antoine would clearly support a finding of $20,000 in actual medical and/or emotional damages. Granting a new trial as to compensatory damages when faced with this overwhelming likelihood of harmlessness was an abuse of discretion. It follows that retrial as to punitive damages and liability was improper as well.

**2.** We decline to affirm the grant of a new trial on alternative grounds rejected by the district court.

**a.** Antoine's expert testimony was relevant because it had a tendency to make more probable his contention that defendants' intent in restraining him was punitive, not for his safety. Fed. R. Evid. 401.

**b.** The district court's punitive restraint instruction correctly stated the law under *Bell v. Wolfish*, 441 U.S. 520, 538 (1979). The district court did not abuse its discretion by refusing to amplify that instruction further. *Investment Serv. Co. v. Allied Equities Corp.*, 519 F.2d 508, 511 (9th Cir. 1975).

**c.** The jury verdict against defendants Britton and Reeve was not against the weight of the evidence.

3

**3.** Defendants are not entitled to qualified immunity.[2] Antoine's punitive restraint claim did not challenge the county's grating practice *per se*, but rather asserted that *he* was "grated" because the defendants intended to punish *him* rather than to keep him safe. It is clearly established that restraint for such a purpose is unconstitutional. *See Bell v. Wolfish*, 441 U.S. 520, 538 (1979).

**4.** We therefore REVERSE the orders of the district court granting defendants' motions for a new trial and REMAND with instructions to reinstate the first jury verdict. We DISMISS defendants' cross-appeal for want of jurisdiction.

**09-15983: REVERSED and REMANDED.**

**09-16085: DISMISSED.**

---

[2] We construe defendants claim of qualified immunity as to the charge of punitive restraint as an alternative ground for affirming the judgment below, rather than as a cross-appeal. Defendants acknowledge that they never sought an adjudication of their qualified immunity defense in the district court, so no decision adverse to them exists from which they may take a cross-appeal. We therefore dismiss the cross-appeal for want of jurisdiction. 28 U.S.C. § 1291.