NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 2 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT CLEVELAND, an individual, | No.    23-55108 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00672-RBM-BGS |
| v. | |
| THE BEHEMOTH, a California corporation, | MEMORANDUM* |
| Defendant-Appellee. | |

| | |
|---|---|
| ROBERT CLEVELAND, an individual, | No.    23-55462 |
| Plaintiff-Appellant, | D.C. No. 3:19-cv-00672-RBM-BGS |
| v. | |
| THE BEHEMOTH, a California corporation, | |
| Defendant-Appellee, | |
| and | |
| DOES, 1 through 10, | |
| Defendant. | |

Appeal from the United States District Court
for the Southern District of California
Ruth Bermudez Montenegro, District Judge, Presiding

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted April 8, 2024
San Diego Carter & Keep U.S. Courthouse

Before: WALLACE, McKEOWN, and OWENS, Circuit Judges.

Robert Cleveland appeals from a jury verdict in favor of his former employer, The Behemoth, on various state- and federal-law claims related to alleged workplace harassment and retaliation, including violation of Title VII of the Civil Rights Act of 1964 and California's Fair Employment and Housing Act ("FEHA"). Cleveland, in a consolidated case, also appeals from an order denying his motion to retax costs. We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and vacate and remand in part.

Cleveland first raises a challenge to certain evidence admitted by the district court as violative of Federal Rule of Evidence 412. We review this evidentiary ruling for abuse of discretion. *See Gauthier v. AMF, Inc.*, 788 F.2d 634, 635 (9th Cir. 1986). The challenged evidence—Cleveland's electronic communications with his coworkers on The Behemoth's internal messaging system and Cleveland's public social media posts—was offered to prove that Cleveland was not subjectively offended by the alleged harassing conduct. The district court did not abuse its discretion in concluding that this evidence was admitted for purposes

2

other than those circumscribed by Rule 412.[1] *Cf.* Fed. R. Evid. 412(b)(2) (limiting admissibility of evidence offered "to prove a victim's sexual behavior or sexual predisposition").

Even if we were to credit Cleveland's argument that the challenged evidence falls within Rule 412's purview, we conclude that any error was harmless. *See B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1103 (9th Cir. 2002) ("Evidentiary rulings . . . should not be reversed absent some prejudice." (quoting *Defs. of Wildlife v. Bernal*, 204 F.3d 920, 927–28 (9th Cir. 2000))). Any failure to follow Rule 412's procedural requirements was harmless given Cleveland's knowledge and the district court's pretrial awareness that The Behemoth intended to introduce the challenged evidence. The evidence was highly probative of subjective offense, an element of Cleveland's state- and federal-law hostile work environment claims, because it demonstrated Cleveland's apparent comfort with discussing sexual themes and using foul language and lewd humor in the workplace. *See Dawson v. Entek Int'l*, 630 F.3d 928, 938 (9th Cir. 2011) (stating that, in a Title VII sex hostile work environment action, "[a] plaintiff must establish that the conduct at issue was both objectively and subjectively offensive"); *Brooks v. City of San Mateo*, 229 F.3d 917, 923 & n.3 (9th Cir. 2000) (stating that "Title VII and FEHA

---

[1] To the extent that the challenged evidence was arguably also relevant for an impermissible purpose under Rule 412, we note that Cleveland did not request a limiting instruction under Federal Rule of Evidence 105.

operate under the same guiding principles"). The potential dangers of embarrassment and invasion of privacy were low, on the other hand, as Cleveland apparently had no intention to hide his non-private comments. We therefore affirm the district court's evidentiary ruling.

Cleveland next challenges the propriety of the jury instructions on his Title VII and California FEHA claims for sexual harassment and hostile work environment. "We review a district court's formulation of civil jury instructions for an abuse of discretion, but we consider *de novo* whether the challenged instruction correctly states the law." *Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014).

The instructions here, when considered as a whole, were "supported by the evidence, fairly and adequately cover[ed] the issues presented, correctly state[d] the law, and [were] not [] misleading." *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014) (en banc). The district court instructed jurors consistent with model jury instructions of the Ninth Circuit and the Judicial Council of California. We do not countenance Cleveland's argument that the district court abused its discretion in refusing to give a special instruction further explaining the meaning of sex-based harassment. *See Ragsdell v. S. Pac. Transp. Co.*, 688 F.2d 1281, 1282–83 (9th Cir. 1982) (per curiam) ("If the instructions given allow a jury to determine intelligently the questions presented, a judgment will not be disturbed simply

because further amplification was refused."). The instructions given nowhere suggested that jurors were required to find that the alleged harassment was *motivated by* Cleveland's sex. *See Boyde v. Brown*, 404 F.3d 1159, 1173 (9th Cir. 2005) ("[W]e must presume that the jury followed its instructions to consider only [] permissible inference[s] . . . ."). We therefore also affirm the district court on this ground for appeal.

Finally, we consider the district court's denial of Cleveland's motion to retax $49,860.91 in costs that were awarded in favor of The Behemoth.[2] Federal Rule of Civil Procedure 54(d)(1) "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-Am. Educators v. California*, 231 F.3d 572, 591 (9th Cir. 2000) (en banc). "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). In a civil rights case, a district court abuses its discretion where it denies a motion to retax costs without considering the losing plaintiff's "limited financial resources." *Ass'n of Mexican-Am. Educators*, 231 F.3d at 592 (citing *Stanley v. Univ. S. Cal.*, 178 F.3d 1069,

---

[2] We grant Cleveland's motions to take judicial notice of materials relevant to the denial of his motion to retax costs, at Dkt. Nos. 15, 42 in Case No. 23-55108 and, at Dkt. No. 30 in Case No. 23-55462. *See* Fed. R. Evid. 201(b)(2).

1079–80 (9th Cir. 1999)); *see also Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1248 (9th Cir. 2014) ("Costs are properly denied when a plaintiff 'would be rendered indigent should she be forced to pay' the amount assessed." (quoting *Stanley*, 178 F.3d at 1080)).

Cleveland presented evidence of his limited financial resources via two declarations: the first declaration, dated March 1, 2023, accompanied his original motion to retax costs, and the second declaration, dated March 27, 2023, accompanied his reply to The Behemoth's opposition to his motion. In the first declaration, Cleveland stated, under penalty of perjury, that he: "earn[s] $31.00 an hour and ha[s] no assets"; "ha[s] no college degree and live[s] in a two-bedroom apartment with [his] baby and partner"; and "ha[s] no savings or investments." In the second declaration, Cleveland, again under penalty of perjury: reiterated that he "ha[s] no savings or investments"; clarified that he "earned $43,301.05 in net wages in 2022"; and added "[t]he total dollar amount in my checking account is $1,293.80" and that he does "not own a car" or "own any real estate."

In concluding that Cleveland's limited financial resources were not a sufficiently persuasive reason to overcome the presumption of awarding costs to The Behemoth, the district court cited only some of the information offered by Cleveland. Specifically, the district court drew from Cleveland's March 1, 2023 declaration, but did not acknowledge additional relevant facts from his March 27,

6

2023 declaration.[3]  Relying on The Behemoth's opposition, the district court inaccurately estimated Cleveland's annual income as $64,480, a figure more than $20,000 greater than his actual net income per the second declaration.

Additionally, the district court focused on Cleveland's failure "to provide sufficient documentation of financial hardship" because his declaration was "limited in substance."  The district court seemed to suggest that additional evidence, such as statements of assets and income and a schedule of expenses, was required to demonstrate indigency.  We have never imposed such a requirement, nor need we do so here.  As described above, the district court erred by not considering the second declaration Cleveland submitted regarding his financial condition when such information provided fuller context for facts The Behemoth offered in its opposition.  *Cf. S.E.C. v. Platforms Wireless Int'l Corp.*, 617 F.3d 1072, 1087 n.9 (9th Cir. 2010) ("We reject defendants' claim that the district court erred by considering new evidence . . . submitted with the [plaintiff's] reply brief" when the new evidence directly responded to evidence in the opposition brief).  Had the district court considered the second declaration, the court may have determined that Cleveland had met his burden to show why he should not be required to pay some or all of The Behemoth's costs, especially when those costs

---

[3] Indeed, the district court referred to "Plaintiff's declaration" in the singular, underscoring that the district court did not consider the second declaration.

significantly exceeded his net wages in 2022 and amounted to more than 38 times the balance in his checking account.[4]  Under these circumstances, we cannot say that the district court properly "consider[ed] the financial resources of the plaintiff and the amount of costs in [this] civil rights case[]." *Stanley*, 178 F.3d at 1079.

We vacate the denial of Cleveland's motion to retax costs, and remand for the district court to evaluate whether Cleveland's financial resources are so limited and the financial disparity between the parties so significant as to rebut the presumption in favor of taxing costs against him, or at a minimum, subject to adjustment.  The district court may, at its discretion, further develop the record as necessary.

**AFFIRMED IN PART, AND VACATED AND REMANDED IN PART. Each party shall bear its own costs on appeal.**

---

[4] We cautioned against taxing costs against a losing civil rights plaintiff where "the costs . . . exceed[ed] her average annual earnings." *Escriba*, 743 F.3d at 1248.